The People of the State of New York ex rel. Charles
E. Nauss et al., Appellants, against Mark Graves
et al., Constituting the State Tax Commission,
Respondents.

Argued May 27, 1940; decided July 24, 1940.

*Joseph H. Kohan* for appellants. The relators were not engaged in a trade, business or occupation in 1935. (*Metropolitan Opera Co.* v. *Hammerstein*, 162 App. Div. 691; *People* v. *Klaw*, 55 Misc. Rep. 72; *People* v. *Sheldon*, 66 Hun, 590; 139 N. Y. 251; *Humiston* v. *Universal Film Mfg. Co.*, 189 App. Div. 467; *McCaffery* v. *State*, 233 App. Div. 435; *People ex rel. Whitney* v. *Loughman*, 220 App. Div. 30; *People* v. *Ryan*, 274 N. Y. 149; *Matter of Fayerweather*, 143 N. Y. 114; *Matter of Green*, 109 Misc. Rep. 112; *People ex rel. General Alliance Corp.* v. *State Tax Comm.*, 253 App. Div. 413; *Stafford Owners, Inc.*, v. *United States*, 39 Fed. Rep. [2d] 743; *Matter of 320 West 37th Street, Inc.*, v. *McGoldrick*, 281 N. Y. 132; *Matter of Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113; *Higgins* v. *Smith*, 308 U. S. 473.)

*John J. Bennett, Jr., Attorney-General* (*Joseph M. Mesnig* of counsel), for respondents. Nauss Interests conducted an unincorporated business. (*People ex rel. Tower* v. *State Tax Comm.*, 282 N. Y. 407; *People ex rel. Parker Mills* v. *Commissioners of Taxes*, 23 N. Y. 242; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503; *People ex rel. Tobacco & Allied Stocks* v. *Graves*, 250 App. Div. 149; 277 N. Y. 723; *Washburn* v. *Commissioner*, 51 Fed. Rep. [2d] 949; *Foss* v. *Commissioner*, 75 Fed. Rep. [2d] 326; *Kales* v. *Commissioner*, 101 Fed. Rep. [2d] 35; *Miller* v. *Commissioner*, 102 Fed. Rep. [2d] 476; *Morrissey* v. *Commissioner*, 296 U. S. 344; *Swanson* v. *Commissioner*, 296 U. S. 362; *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Sears* v. *Hassett*, 31 Fed. Supp. 179; *McKean* v. *Scofield*, 108 Fed. Rep. [2d] 764; *People ex rel. Mosbacher* v. *Graves*, 254 App. Div. 438; 279 N. Y. 793.)

FINCH, J. The question presented upon this appeal is whether appellants, as tenants in common of certain realty, are engaged in business within the meaning of the Tax Law (Cons. Laws, ch. 60), article 16-A, which imposes a " Temporary emergency tax on net incomes of unincorporated

businesses." Section 386, entitled "Definitions," provides that "For the purpose of this article * * * the definitions contained in section three hundred fifty of this chapter shall be applicable and, in addition, the words ' unincorporated business ' mean any trade, business or occupation conducted or engaged in by an individual * * *," or an entity other than a corporation. Section 350, subdivision 11, provides that " The word ' partnership ' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on * * *." Appellants have been assessed for the amount of the tax due under article 16-A, and bring this proceeding to review the determination of the State Tax Commission, which confirmed the assessment.

Appellants are owners in common of nine parcels of realty in the city of New York, which they acquired by inheritance from their mother, father and brother. The properties are not held for speculative but only for income purposes. Since 1918, at which time they acquired the first of the properties, appellants have employed a real estate agent at an annual compensation, whose business it is to operate the properties. The real estate agent keeps books of account, collects the rents, negotiates leases and makes minor repairs, but appellants themselves make disbursements, execute leases and pass upon major alterations. Appellants maintain no office or clerical staff of their own, and all matters in connection with the properties are transacted through the office of the realty agent. The oldest brother, a New Jersey resident, comes to New York city about once a week to consult with the real estate agent. A checking account is maintained in the name of " Nauss Interests," Nauss being the family name of appellants. They have filed a certificate pursuant to section 440 of the Penal Law for the use of the name " Nauss Interests." Distributions are made each month to the appellants in accordance with their respective interests. There is at all times maintained a reserve consisting of a cash balance in the bank account and of government bonds.

Upon this appeal, there is involved the liability of appellants to pay the tax only for the year 1935, since by the amendment of section 386 applicable to returns for the year 1936 and thereafter, it was provided that " It is not intended that an owner   *   *   *   shall be deemed engaged in an unincorporated business solely by reason of the holding, leasing or managing of real property   *   *   *." (Laws of 1938, ch. 411.)

It is clear that appellants are not engaged in a trade or occupation, and respondents do not argue to the contrary. Appellants are subject to the tax, therefore, only if their activities as tenants in common constitute the doing of business.   The term " business" is of very broad significance and has a great variety of meanings.   (Murray, English Dictionary on Historical Principles [1888], vol. 1, part 2, p. 1205; 3 Encycl. of the Social Sciences, pp. 80–86; 5 Words and Phrases [Perm. ed.], 970; 13 id. 126, 184.)   The precise meaning depends upon the context.   In the case at bar the word " business " must be construed as part of the phrase " trade, business or occupation."   Although business is not thereby rendered the equivalent of trade or occupation, the several words of the series do establish the context; and the context determines which of the several meanings was intended by the Legislature.   (*People ex rel. Parker Mills* v. *Comrs. of Taxes*, 23 N. Y. 242, 244.)   When used in tax statutes similar to that involved in the case at bar, " business " or " doing business " connote something more than the ownership of property and the receipt of income derived from property.   (*Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503; *McCoach* v. *Minehill & Schuylkill Haven R. R. Co.*, 228 U. S. 295; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *United States* v. *Peabody Co.*, 104 Fed. Rep. [2d] 267; *Foss* v. *Comr. of Internal Revenue*, 75 Fed. Rep. [2d] 326; *Washburn* v. *Comr. of Internal Revenue*, 51 Fed. Rep. [2d] 949.   Cf. *People ex rel. Manila Elec. R. R. & L. Corp.* v. *Knapp*, 229 N. Y. 502, 508–511.)   Although the very nature of the case does not permit an exact formula by which to determine when the activities of a property owner amount

to the doing of business, there has been evolved the principle which distinguishes between a passive and an active owner or investor. One who allocates the active administration of the properties to others and himself performs only such acts as are appropriate to safeguard his ownership, is to be distinguished from one who himself actively participates in administering the management of the properties. The question is one which depends upon the facts of the particular case. (*Von Baumbach* v. *Sargent Land Co.*, *supra*, at p. 516.) Many factors are to be considered, but no one is of itself decisive. Thus, in the *Foss* case, the court considered whether the owner maintained his own office in connection with the properties, the amount of time which was devoted, whether he employed someone else or himself did the work which could be done by an employee, etc. In the case at bar, appellants maintained no office of their own. The oldest brother spent about one day a week in protecting the investment and an agent was employed who took active charge of caring for the properties, negotiating leases, etc. That a bank account was maintained in the name of "Nauss Interests" is far from controlling. Nauss is the family name of appellants, and maintaining the account in that form is obviously a matter of convenience. The position of appellants is that of several owners in common of certain property acquired by inheritance, who have employed an agent to look after their properties and have reserved to themselves only such functions as would be retained by a passive owner. If the several appellants had partitioned their inheritance and thereafter each conducted himself as they have acted together, the separate individuals would not have been engaged in doing business. The fact that they have chosen to remain tenants in common of all the properties does not transform their activities from mere ownership into the doing of business. If the activities of these appellants were deemed to be the doing of business, then the doing of business would comprise every instance where property is owned in common and the owners act but to safeguard their property. If there is to be maintained a

distinction between ownership on the one hand and the doing of business on the other, a distinction established by the cases, and respondents do not suggest that the distinction be obliterated, then these appellants may not be regarded as having been engaged in the doing of business.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission annulled, with costs to appellants in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order reversed, etc.