In the Matter of CAROLINE D. HEWITT, Appellant and Respondent, against SPENCER E. BATES et al., Constituting the State Tax Commission, Respondents and Appellants.

In the Matter of CAROLINE D. HEWITT et al., Individually and as Copartners under the Name of MISS HEWITT'S CLASSES, Appellants, against SPENCER E. BATES et al., Constituting the State Tax Commission, Respondents.

Argued November 11, 1947; decided March 18, 1948.

*Frederick M. Schlater* and *William H. Welsh* for petitioners-appellants. I. More than 80% of petitioners' gross income was derived from their personal services. (*Matter of Teague* v. *Graves*, 287 N. Y. 549; *Matter of Geiffert* v. *Mealey*, 293 N. Y. 583; *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110; *Matter of Gilmore* v. *Preferred Accident Ins. Co.*, 283 N. Y. 92; *Matter of Kolb* v. *Holling*, 285 N. Y. 104.) II. Capital was not a material income-producing factor. (*Matter of Geiffert* v. *Mealey*, 293 N. Y. 583; *Matter of Teague* v. *Graves*, 287 N. Y. 549.) III. The assessments of unincorporated business taxes for the years 1936, 1937, 1938 and 1939 were not made within the time prescribed by statute. (*Matter of Teague* v. *Graves*, 261 App. Div. 652, 287 N. Y. 549; *Germantown Trust Co.* v. *Commissioner*, 309 U. S. 304.)

*Nathaniel L. Goldstein, Attorney-General* (*John C. Crary, Jr.,* and *Wendell P. Brown* of counsel), for respondents and appellants. I. The proprietary management of a private school conducted for profit constitutes engaging in a business and not the practice of the profession of teaching. (*Matter of Shattuck*, 193 N. Y. 446; *Matter of Rye Country Day School* v. *Lynch*, 239 App. Div. 614, 266 N. Y. 549; *People ex rel. Tower* v. *State Tax Comm.*, 282 N. Y. 407.) II. Less than 80% of appellant's gross income was derived from personal services actually rendered by

her. III. Capital was a material income-producing factor. (*Atlanta-Southern Dental College* v. *Commissioner,* 50 F. 2d 34.) IV. All of the assessments in the first proceeding were timely. (*People ex rel. Wittich* v. *Browne,* 296 N. Y. 720; *Lucas* v. *Pilliod Lumber Co.,* 281 U. S. 245; *Germantown Trust Co.* v. *Commissioner,* 309 U. S. 304.)

DYE, J. The petitioners, claiming to be exempt from liability under section 386 of the Tax Law, have brought these proceedings in the nature of certiorari under article 78 of the Civil Practice Act and section 375 of the Tax Law to review separate final determinations of the Tax Commission which confirmed assessments of an unincorporated business tax under article 16-A against the petitioners, and for a refund of the amounts paid under protest. The Appellate Division has affirmed the principle of liability but has annulled the assessments against Caroline D. Hewitt, individually, for the years 1936–1939, because barred by the Statute of Limitations (Tax Law, §§ 373, 386). Cross appeals have been filed and, because the underlying facts and issues are substantially the same in each proceeding, the parties have stipulated that they may be considered together.

The petitioners are qualified teachers engaged in the operation of a private day school for profit under the name of " Miss Hewitt's Classes " for the precollege instruction of young women.

It is undisputed that pedagogy is within the meaning of professional services as used in the statute, and persons rendering such personal service are exempt from payment of an unincorporated business tax, when " *more than eighty per centum of the gross income is derived from the personal services actually rendered by the* individual or the members of the partnership * * * and in which capital is not a material income producing factor.*" (Tax Law, § 386.) (Italics supplied.)

The summary of the individual resident return as filed, shows that the school is conducted in the nature of a business in education requiring executive and administrative services which could be performed by a corporation, as many such schools are, or by lay individuals without any teaching experience or qualification. The statutory test is found in the incidents of the activity considered (*People ex rel. Tower* v. *State Tax Comm.,* 282

N. Y. 407). The information in the returns as filed fails to support the petitioner's claim of exemption as it appears that additional teachers and assistants were employed and were paid salaries from the gross income ranging from 37% in 1936 to 51% in 1939, which had the immediate effect of reducing the amount of gross income available for taxpayers' personal services far below the level of 80% fixed by the statute. This is a significant and determining factor. The very nature and character of the teaching service requires contact with the pupil and the expenditure of individual effort in their instruction which cannot very well be attributed to the personal teaching service actually rendered by the individual proprietors and leads to the inescapable conclusion that the exempting portion of the statute has not been met. The returns also show that approximately 10% of the reported gross income was derived from the sale of books, stationery, lunches and other extracurricular activity. The information thus furnished as to gross income renders it unnecessary to pass upon whether the capital investment was a material income producing factor.

The remaining question is whether the assessment of the unincorporated business tax under date of December 10, 1943, against the petitioner Caroline D. Hewitt, in the individual proceeding, based on her resident income tax return for the years 1936 to 1939, inclusive, and filed when currently due, which, in each instance antedated the assessment by more than three years, was barred by the statute requiring the Tax Commission to make its determination " within three years after the return was made " (§ 373, subd. 1; § 386-j). The Appellate Division, in sustaining the taxpayer's contention of untimeliness, was of the opinion that the returns contained enough information as to the taxpayer's business and gross income to permit computation of the tax and accordingly were sufficient to start the statute running. While it may be that the information furnished by this taxpayer on Form 201 is practically identical with that required of the taxpayer when making an unincorporated business tax return on Form 202, it does not follow that the taxpayer may ignore her obligation to file a separate return for the unincorporated business tax. The individual income taxes authorized by article 16, are sepa-

rate and distinct from the emergency tax on unincorporated businesses authorized by article 16-A (*People ex rel. Tower v. State Tax Comm., supra*). The return in each instance is the basis for the respective assessment. The requirement of a separate return from the same taxpayer for each tax is a valid exercise of authority under the statute which specifically provides that the unincorporated business return " shall be made in such form and shall contain such information as the tax commission may prescribe." (§ 386-h.) This discretionary authority is not circumscribed or limited by that part of the section permitting the commission to require the " return to be made as a part of the return made by the taxpayer under the provisions of article sixteen " nor does it render the regulation prescribing a separate return unreasonable. It is a valid requirement with which the taxpayer is under a duty to comply. The taxpayer here not only failed to file the return prescribed by the Tax Commission, but the record also clearly establishes that when she filed the income tax returns pursuant to article 16, she neither intended such returns as a compliance with article 16-A, nor did she otherwise attempt to comply therewith. The contention advanced by the taxpayer under authority of *Germantown Trust Co.* v. *Commissioner of Internal Revenue* (309 U. S. 304), that the individual income returns covering the tax period were free from fraud and concealment and contained all necessary information needed to compute the unincorporated business tax, cannot be accepted as a basis to start the statutory limitation so as to bar the determination made by the commissioner. There is a difference between a defective or incomplete return filed in good faith in an attempted compliance with the statute and the filing of no return at all. In the one case omission to comply with formality of execution is not fatal if the tax return otherwise complies with the applicable statute and is intended as such, and will start the running of the statute (*Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172; *Florsheim Bros. Drygoods Co.* v. *United States*, 280 U. S. 453). On the other hand, omission to file a prescribed return cannot be supplied by reference to a return filed for another purpose. While we have not heretofore passed on this precise question of when a return is " no return ", it is not a new question in the Federal courts. The United States

Supreme Court in *Commissioner of Internal Revenue* v. *Lane-Wells Co.* (321 U. S. 219, 223–224) distinguished the *Germantown* case (*supra*) relied on by the petitioner by holding that "Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished. For such purposes the regulation requiring two separate returns for these taxes was a reasonable and valid one and the finding of the Board of Tax Appeals that the taxpayer is in default is correct."

The same reasoning is applicable here and we conclude that the statute barring the commission from making an assessment starts to run only when the prescribed return is filed. Neither is the five-year limitation, mentioned in the statute, available to the petitioner for this applies only when the return underestimates the amount of gross income or capital gain by 25% and here no such omission is claimed.

The orders should be modified by reversing so much thereof as annul the assessments against Caroline D. Hewitt in her individual proceeding for the years 1936, 1937, 1938 and 1939, and the determination of the State Tax Commission confirmed, and otherwise affirmed, without costs, and the order in the proceeding against Caroline D. Hewitt and her associates, as partners, should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur.

Ordered accordingly. [See 298 N. Y. 542.]