### DISTRICT OF COLUMBIA v. ADAIR et al.
### No. 11229.

United States Court of Appeals District of Columbia Circuit.

Argued March 21, 1952.

Decided April 24, 1952.

Clark, Circuit Judge, dissented.

Mr. Harry L. Walker, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. F. Cleveland Hedrick, Jr., Washington, D. C., with whom Mr. Robert B. Yorty, Washington, D. C., was on the brief, for respondents.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The District of Columbia appeals from a decision of its Board of Tax Appeals which held that respondents George P. Adair and Evelyn F. Adair, a partnership composed of husband and wife, doing business under the name of George P. Adair, Radio Engineering Consultants, was not subject to a franchise tax imposed upon an "unincorporated business" as defined in Article I, Title VIII, Section 1, of District of Columbia Revenue Act of 1947, § 47–1574, D.C.Code (1940, Supp. VII). The statutory definition of an unincorporated business has the effect of excluding from the tax a partnership in which more than 80% of the gross income is derived from the personal services actually rendered by its individual members, and in which capi-

tal is not a material income-producing factor.[1]

The provision respecting capital is not applicable to this case. This is not disputed. The answer to the question of tax liability accordingly turns on whether more than 80% of the gross income of the partnership is derived from the personal services actually rendered by Mr. Adair.

On all the facts the Board found said percentage was so derived and that the tax accordingly was not due. The District rests its case to the contrary primarily on the circumstance that approximately 30% of the partnership's gross income is absorbed by salaries paid to employees.[2] The District argues that this precludes a finding that more than 80% of gross income is derived from Adair's own personal services.

Mr. Adair and Esterly P. Page were the only witnesses before the Board. Adair, an expert in radio engineering, described in detail his experience, qualifications, and the nature of his work. He explained the operations of his business, enumerated its employees, their work, status, and salaries. Page's testimony dealt primarily with Adair's experience, the character of his work, and his value as an expert. Respondent Evelyn F. Adair, who performed office and clerical work for the firm, was not engaged in engineering work.

The evidence discloses a personalized business. The income-producing clientele is attracted by the reputation and qualifications of Mr. Adair. Once attracted the work is performed largely by him or under his supervision. The evidence indicates also that but for him the existence of the business on any basis would be doubtful. Further, the total of salaries paid engineering employees was under 20% of the gross.

The fact that salaries paid to employees of all types exceed 20% of gross income does not of itself render erroneous the conclusion of the Board that Mr. Adair's personal services are nevertheless the derivation—the source—of more than 80% of such income. Cf. Alexander, Conover & Martin v. Commissioner of Int. Rev., 7 Cir., 1930, 45 F.2d 383, decided on a somewhat comparable federal statute. Derivation of income is not necessarily to be measured by salaries paid to employees. Logically there is no relationship of an exact character between such payments and the cause or causes which give rise to the income from which the payments are made. Neither the statute nor regulations under it require that the percentage of income paid for help be accepted as the yardstick for determining what services are the basis of the income.[3]

Since in our view the percentage of gross income paid to salaried employees

1. The statute excludes from the tax, " * * * any trade or business in which more than 80 per centum of the gross income is derived from the personal services actually rendered by the individual or members of the partnership or other entity in the conducting or carrying on of any trade or business and in which capital is not a material income-producing factor." § 47–1574, D.C.Code (1940, Supp. VII).

2. For the year involved, 1948, the firm's gross receipts were $62,495.50 The total of such salaries and wages was $18,781.57. Other expenses amounted to $10,796.43. The partners drew no salaries.

3. The regulations do contain a provision that "If 20% or more of the gross income from the business is derived from charges for personal services rendered by employees or agents of the business

(as distinguished from the owner or owners of the business)" the tax would be applicable. (Emphasis added.) But there is no evidence which brings the case within this provision. Sec. 8–1(d) of the Regulations. See Paragraphs 11,563–4–5–6, and 11,656 of State and Local Tax Service, D.C. (Prentice-Hall, Inc.), 1947.

Regulations under a New York statute which in the respect here involved is similarly worded, also avoid a rigid standard based on employees' salaries. See Prentice-Hall, New York Tax Service, Para. 59–806, Tax Law, 59 McKinney's Consolidated Laws of New York Ann., c. 60, § 386, though the case of Hewitt v. Bates, 1948, 297 N.Y. 239, 78 N.E.2d 593, 3 A.L.R.2d 642, gives some support to the District's position in the case at bar.

does not govern, it suffices to add with respect to the other evidence, briefly outlined above, that upon careful examination we agree with the conclusion reached by the Board. Its decision accordingly is

Affirmed.

CLARK, Circuit Judge, dissents.