In the Matter of GEORGE W. WARNECKE, Petitioner, v. STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. (Two Proceedings.)

Third Department, January 17, 1962.

*Mumma, Crane, Costabell & Savarese (Charles J. Costabell* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* These proceedings, which have been consolidated by stipulation, were brought under article 78 of the Civil Practice Act to review determinations of the State Tax Commission which sustained assessments of additional personal income taxes and of unincorporated business taxes; thereby taxing gains upon the sale of certain property (consisting of land and building with furniture, fixtures and equipment, operated under the name of Hotel Olcott) as gross income and as unincorporated business tax gross income rather than capital gains as reported by taxpayer; and assessing unincorporated business taxes upon commissions and fees for services rendered to builders and lenders in connection with the placing of real estate mortgage loans, as against taxpayer's contention that such income was derived from the practice of a profession within the meaning of section 386 of the Tax Law.

In our view, the assessments of unincorporated business taxes upon the installment gains arising upon the sale were improper as the taxpayer was entitled to exemption therefrom under that portion of section 386 of the Tax Law providing that an owner, lessee or fiduciary is not to be deemed engaged in an unincorporated business " solely by reason of the holding, leasing or managing of real property ". As respects the application of this exemptive statute, we find controlling the decision in *People ex rel. Rubin* v. *Tax Comm. of State of N. Y.* (9 A D 2d 47, affd. 8 N Y 2d 922), in which the exemption was applied, and which seems to us indistinguishable in any material respect from the case before us.

Upon this record, however, we may not disturb the additional determinations (so far as relating to timely assessments) that the installment gains constituted ordinary income reportable upon petitioner's personal income tax returns rather than capital gains within the statutory definition thereof as gains from the sale or exchange of " ' capital assets ' ", the latter term not including " land used in the trade or business, or property used in the trade or business of a character which is subject to the allowance for depreciation provided in paragraph numbered eight of section three hundred sixty " (Tax Law, § 350, subds. 12, 13). The property sold did consist of land and of depreciable property and the respondent commission found upon substantial evidence that " the rental activities and the operation of the restaurant were conducted with sufficient continuity and regularity to constitute the carrying on of business " within the meaning of subdivision 12. Supportive of these conclusions were the findings that the receipts in a concededly representative year from the lobby restaurant (operated in conjunction with the apartment hotel in question) exceeded $100,000 and that in the same year at least 50 employees (in addition to the restaurant employees) were engaged in the maintenance and operation of the hotel and building and of the many services furnished, to permanent residents and transient guests alike, including continuous elevator and door service, telephone switchboard service, message and mail service, utilities service, optional maid and linen service and restaurant room service. In the light of these and the other facts and factual inferences developed by this record, we are unable to say that the determination holding the gains to be noncapital has been so " clearly shown to be erroneous " as to warrant judicial intervention. (*Matter of Young* v. *Bragalini*, 3 N Y 2d 602, 605.) Here there was far more than the mere " ' general management of collecting rents and making

repairs ' '' (*Matter of Appleby* v. *Bates,* 278 App. Div. 12, 15, motion for leave to appeal denied 303 N. Y. 1011) or " the mere investment of funds and the collection of income therefrom " (*Matter of Burrell* v. *Lynch,* 274 App. Div. 347, 352). Neither can we say that the Tax Commission was bound to find petitioner no more than a " ' passive ' '' investor (*Matter of Chahoon* v. *Mealey,* 268 App. Div. 49, 53) or to give controlling weight to petitioner's testimony that he delegated to an employee the immediate supervision of the enterprise. The statute does not contemplate so ready an avoidance but in any event this is not the case of an investor who relinquishes to specialized and more or less independent management the handling or servicing of his investment. The commission's denial of capital gains treatment is consistent, also, with decisions under the similar Federal statute. (See, e.g., *Gilford* v. *Commissioner of Internal Revenue,* 201 F. 2d 735 and cases there cited.)

The respondent commission correctly found that petitioner's activities as a mortgage broker and consultant constituted the carrying on of an unincorporated business and not the practice of the engineering profession; and, indeed, the record offers far less support for such a contention than did that in *Matter of Sundberg* v. *Bragalini* (7 A D 2d 15, motion for leave to appeal denied 6 N Y 2d 705) in which a like claim of exemption was denied.

Petitioner asserts, further, that the assessments of additional personal income taxes and unincorporated business taxes for the year 1951 were untimely as not made within three years (Tax Law, §§ 373, subd. 1; 386-j) while respondent would apply the additional provisions of (then) subdivision 1 of section 373 which extended the period to five years when there had been " omitted from gross income or capital gain, as stated in a return, an amount which should have been included therein and which is in excess of twenty-five per centum of the amount of gross income or capital gain, as so stated ". Petitioner did not in his unincorporated business tax return report or otherwise allude to income earned as a mortgage broker or consultant and the fact that he did report such income in the accompanying personal income tax return did not, in our view, cure the omission so as to render the three-year limitation applicable. (See *Matter of Hewitt* v. *Bates,* 297 N. Y. 239; *Commissioner* v. *Lane-Wells Co.,* 321 U. S. 219.) Petitioner did, however, report as capital gain, upon his personal return for 1951, the gain accrued in that year upon the sale of the hotel property, which gain we have held exempt from the unincorporated business tax but returnable as ordinary income for purposes

of the personal income tax. There is thus presented, as a case of first impression, the question whether the failure to return, as such, a specific item of ordinary income, while reporting that item as capital gain, upon the same return, constitutes an omission to report, within the meaning of subdivision 1 of section 373, with the result of extending the three-year period to five years. The respondent commission made no finding, as predicative of the action taken by it after expiration of the three-year period, that there was an omission, in fact, which might reasonably be accounted sufficiently substantial and material, in the light of all the circumstances, to invoke the extensory statute. Neither does respondent discuss that issue upon this appeal, but limits its argument to the point (which it terms " crucial ") that in view of the imposition of separate taxes — personal income taxes and unincorporated business taxes — and of the requirement of separate returns therefor, items subject to both taxes should be disclosed on both returns; an argument which we have approved as respects the items subject to both taxes, but one which has no relevance to the precise question now before us, involving but one return. The fact that the language of the statute as to " gross income or capital gains " is cast in the disjunctive is not necessarily conclusive as against the construction urged by petitioner; but that language differs from that of the comparable Federal statute then applicable (section 275 [subd. (c)] of the Internal Revenue Code of 1939, which became, after substantial amendment, section 6501 [subd. (e), par. (1), cl. (A)] of the Internal Revenue Code of 1954) with the result that the Federal decisions upon which petitioner relies are not completely in point. We are not informed as to the policy of the commission, if one has evolved in such cases, and there is before us no proof or indication of any existing procedures or practice which might be helpful as evidencing an administrative construction of the statute in one direction or another. As to this issue of the supposed omission of 1951 income the record seems to us to have been insufficiently developed and remittal is necessary.

The determinations, insofar as they sustain assessments of unincorporated business taxes upon gains on sale of business property and insofar as they sustain the assessment of additional personal income tax for the year 1951 upon gain on sale of business property and in each instance deny applications for revision or refund, should be annulled, and matters remitted for further proceedings not inconsistent herewith, and in all other respects confirmed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). I agree with the majority that the taxpayer is entitled to the benefits of the provisions of section 386 of the Tax Law and therefore, is not subject to the unincorporated business tax. I likewise agree that his business as a mortgage broker is not entitled to the classification of a profession. Further, for the additional reasons set forth below, it is my opinion that the majority is correct in determining that the petitioner's gain from the sale of the " Olcott " is not a capital gain.

The taxpayer in his 1951 returns set forth one schedule with reference to the operations of the " Olcott " which consisted of a statement showing the income from rents, depreciation, repairs and other expenses, the resultant figure being a loss in the operation of the property.

In a separate schedule in the same tax return, the gross profits of the " Olcott Restaurant " were set forth and after business deductions, the result of the operation of the restaurant was a loss. The taxpayer used these losses to his advantage with the result that before deducting such losses he had total income in excess of $70,000, but after deducting such losses he showed a net taxable income of less than $3,000 and paid a normal tax of $70.48. The manner in which he elected to file his return established that the " Olcott ", as to the operation of the real estate and restaurant, was a business project in accordance with the provisions of article 16 (Personal Income Tax) of the Tax Law. The method used in the tax form return to report the financial transactions of the taxpayer may be controlling as to the type of operation of any or all reported items. *A taxpayer cannot take all the business benefits and then claim he is not operating a business pursuant to the Tax Law.* Accordingly, all profits from the installment sale of the " Olcott ", subsequent to 1951, are subject to personal income tax treatment.

The majority have decided to remit the proceedings for a further determination as to the application of the Statute of Limitations, but I perceive no necessity for such procedure and accordingly dissent as to this aspect of the case. There is no dispute as to the facts but, indeed, on the oral argument before this court the Attorney-General conceded that the taxpayer had made a full disclosure and there was no claim of misrepresentation or fraud. Under such circumstances it is a question of law as to whether the three- or five-year statute applies and in my opinion, the three-year statute is applicable. Former subdivision 1 of section 373 provided: " [T]he amount of tax due under any return shall be determined by the tax

commission within three years after the return was made * * *. Where there has been omitted from gross income or capital gain, as stated in a return, an amount which should have been included therein and which is in excess of twenty-five per centum of the amount of gross income or capital gain, as so stated, the amount of tax due may be determined within five years after the return is filed.''

It is admitted that there was no '' omission '' in this taxpayer's return but rather a mistake in the interpretation of the Tax Law as to whether income tax should be paid on the basis of ordinary income or capital gains. The unincorporated and the personal income tax returns of this taxpayer were stapled and filed together as required by the department. Their interrelation was evident upon the most casual inspection. The unincorporated return referred to the operation of a restaurant at the '' Olcott, 27 West 72nd Street, N. Y. C.''. The personal income tax return, Schedule A, referred to the operation of the '' Olcott Restaurant '' and Schedule E entitled '' Gain from Capital Assets '' stated '' Details of Installment Sale of 27 West 72nd Street, N. Y. C.''. Under such circumstances, the returns are complementary and supplemental to each other.

Courts should be realistic in the interpretation of this section. The law does not say that a taxpayer must file his return under the highest assessable method and then apply for a refund and upon proving his claim seek a rebate. If such were the fact, the normal three-year period would govern.

There was no '' omission '' as this return was filed. Where there is a full and complete disclosure and no claim of misrepresentation or fraud, a taxpayer is entitled to the protection of the three-year period. The fact that upon subsequent examination by the Tax Department it is determined that the taxpayer's report erroneously placed income in the category of capital gains instead of ordinary income does not justify the Tax Department in levying an assessment for such additional income after the three-year period. The understatement of total tax due is not the controlling issue.

While there is some distinction between the Federal and New York State statute as to the application of capital gains, both Governments seek to obtain the same result.

'' It has long been the policy of our courts to adopt, whenever reasonable and practical, the Federal construction of *substantially* similar tax provisions ''. (*Matter of Marx* v. *Bragalini*, 6 N Y 2d 322, 333; emphasis supplied.)

In regard to Federal income tax returns, regulation section 301.6501(e)-1 (subd. [a], par. [1], cl. [ii]) provides that

" [a]n item shall not be considered as omitted from gross income if information, sufficient to apprise * * * of the nature and amount of such item, is disclosed in the return or in any schedule or statement attached to the return." (Code Fed. Reg., tit. 26, § 301.6501[e]-1; see, also, Internal Revenue Code, § 6501, subd. [e], par. [1], cl. [A], sentences [i], [ii].)

The facts and circumstances relating to this particular taxpayer and his tax returns necessitate my concluding that the three-year Statute of Limitations provided for in subdivision 1 of section 373 of the Tax Law is controlling as a matter of law as to the 1951 return and therefore there is no reason for remission to the Tax Commission.

Accordingly, as to this aspect of the case I dissent and vote to reverse.

COON, J. P., GIBSON, REYNOLDS and TAYLOR, JJ., concur in Per Curiam opinion; HERLIHY, J., concurs in part and dissents in part, in opinion.

Determinations, insofar as they sustain assessments of unincorporated business taxes upon gains on sale of business property and insofar as they sustain the assessment of additional personal income tax for the year 1951 upon gain on sale of business property and in each instance deny applications for revision or refund, annulled, and matters remitted for further proceedings not inconsistent herewith, and in all other respects confirmed, without costs.