In the Matter of KAHN & JACOBS, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, June 29, 1972.

*Simpson, Thacher & Bartlett* (*Donald P. Wefer, Eleanor M. Fox* and *Alan R. Johnson* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Vincent P. Molineaux* of counsel), for respondent.

KANE, J. This is a proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained the

imposition of an unincorporated business tax assessment under section 386-a (now section 701) of the Tax Law.

Petitioner is a partnership engaged in the practice of architecture with offices located at 2 Park Avenue in the City of New York. Although previously exempt from the New York unincorporated business tax, the partnership was held subject to the tax in each of five years beginning in 1957, for a total tax in excess of $33,000. Petitioner paid each of the assessments and then applied for refunds but the application was denied by the respondent upon the grounds that petitioner, though a partnership engaged in the practice of architecture, was nevertheless subject to the unincorporated business tax because two of its partners were not licensed by New York State to engage in the practice of architecture.

Section 386 of the Tax Law, applicable to fiscal years 1957–1960, states that: " The words ' unincorporated business ' mean any trade, business or occupation conducted, engaged in, or being liquidated by * * * partnership * * * but exclude the practice of * * * architecture which under existing law cannot be conducted under corporate structure ".

Subdivisions (a) and (c) of section 703, the successor statute applicable to the 1961 fiscal year, in essence provides the same exemption as section 386.

The question then is whether or not compliance with the licensing requirements of section 7301 et seq. of the Education Law is a sine qua non of the statutory exemption from the unincorporated business tax imposed by the Tax Law. Implicit in the finding of the respondent that petitioner was engaged in the practice of architecture, is the conclusion that the two unlicensed partners were also engaged in the practice of architecture although unlicensed. It therefore concluded that the partnership itself was not authorized to practice architecture in the State of New York and consequently was conducting a business which was subject to the tax under article 23-A. This conclusion is without a legal basis.

The pertinent sections of the Tax Law, clearly and without qualification, exempt the " practice of architecture ". The Legislature's intent is apparent and must be construed in favor of the citizen (Matter of Voorhees v. Bates, 308 N. Y. 184, 188). The basis offered by the Department of Taxation and Finance for the loss of the exemption was a requirement that all members of a partnership must be licensed in the profession practiced by such partnership by virtue of an administrative policy authorized by section 383 of the New York State Tax Law. That section relates to authority of the Tax

Commission to make rules and regulations regarding article 16, tax on personal incomes. As shown by the hearing, no rule or regulation in fact exists.

Section 7301 *et seq.* of the Education Law is a licensing statute, prohibitive in nature, whereas section 703 of the Tax Law is a revenue statute. Petitioner has met the test for the exemption from the tax, and to deny that exemption solely for lack of total compliance with the licensing statute would be using the revenue statute to enforce police powers and for protection of the public. The licensing statute has its own enforcement provisions which involve criminal sanctions for practicing without a license.

Several cases treating the exemption of professions from the unincorporated business tax demonstrate that a license in and of itself does not assure the exemption (*Matter of Sundberg* v. *Bragalini,* 7 A D 2d 15, 16), nor is a license a prerequisite to a professional exemption (*Matter of Niles* v. *Murphy,* 34 A D 2d 862; *Matter of Hughes* v. *Murphy,* 21 A D 2d 134). The determination is based upon what a partnership does, not the specific requirements incident to the profession (*People ex rel. Tower* v. *State Tax Comm.,* 282 N. Y. 407).

The determination should be annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, SIMONS and REYNOLDS, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.