In the Matter of ARTHUR TANNENBAUM, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, January 9, 1975.

*Barry, Barry & Barry* (*John J. Barry* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. Petitioner was a translator and interpreter during the years of 1966 and 1967. He attended the Geneva University Interpreter's School in Geneva, Switzerland from 1946 to 1950, receiving a diploma as a translator-interpreter of German, French and English after extensive language studies and 48 courses in translation and interpretation, plus numerous courses in law, international law and history. In 1957 he received a Bachelor of Arts degree from the College of the City of New York. He is a member of the American Translators Association. Petitioner's services were rendered to government agencies, law firms and corporations, and his income derived from translating and interpreting from one language to another with respect to testimony in court, court documents, technical texts and scientific dissertations. The State Tax Commission has determined that petitioner's activities as a translator and interpreter did not constitute the practice of a profession within the purview of subdivision (c) of section 703 of the Tax Law.

The sole issue presented is whether petitioner was engaged in the practice of a profession exempt from the unincorporated business tax. This is a question of law. (*Matter of Voorhees v. Bates,* 308 N. Y. 184, 188.)

Traditionally, and by commission regulation, the definition of a profession includes " any occupation or vocation in which a professed knowledge of some department of science or learning, gained by a prolonged course of specialized instruction and study, is used by its practical application to the affairs of others, either advising, guiding or teaching them, and in serving their interests or welfare in the practice of an art or science founded on it." (*Matter of Geiffert v. Mealey,* 293 N. Y. 583, 586; 20 NYCRR 203.11.) We have recently listed factors which should also be taken into consideration in determining whether certain activities constitute the practice of a profession. (*Matter of Rosenbloom v. State Tax Comm.,* 44 A D 2d 69.) Even more recently, this court has concluded that, in addition, the services performed must involve something more than the type generally performed by those in the broader categories of a trade, business or occupation. (*Matter of Koner v. Procaccino,* 45 A D 2d 551.)

We conclude that petitioner's vocation as a translator and interpreter fulfills the requirements of a profession. The record establishes that during the years under review he was devoted in his work to public service in a traditionally professional sense. His service of spontaneous and accurate translation and interpretation of a foreign language was vital, not only in courts of record, but in international forums. His is a science or learning the knowledge of which can be acquired only after a prolonged course of specialized study, instruction and experience. The record reveals that petitioner's diploma from the University of Geneva is tantamount to a degree in translating and interpreting now being conferred at such university and at American colleges and universities. Although licensing of a translator and interpreter is not presently required, this is only one factor which should be given consideration (*Matter of Rosenbloom v. State Tax Comm., supra*). The requirement by the State of a license in order to engage in a profession is not necessarily a satisfactory standard by which to classify the nature of an occupation. (*Matter of Teague v. Graves,* 261 App. Div. 652, 655, affd. 287 N. Y. 549.) That petitioner clearly was qualified and legally authorized to practice a profession is well demonstrated by the record. Nor do we find it fatal that petitioner wrote no books or articles in the field of interpreting and trans-

lating and did not engage in the teaching of these subjects, a factor upon which respondent apparently placed great emphasis in reaching its determination. Petitioner's knowledge and skill were applied to the affairs of others in serving their interests by bridging the gaps caused by language barriers in highly technical and scientific matters.

In our opinion, under all of the circumstances, respondent's determination is without legal basis and contrary to law, and should be annulled. Petitioner was engaged in the practice of a profession and thus entitled to exemption from assessment of unincorporated business taxes for the years in question.

The determination should be annulled, and the matter remitted for further proceedings not inconsistent herewith, with costs.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Determination annulled, and matter remitted for further proceedings not inconsistent herewith, with costs.