In the Matter of ARBESFELD, GOLDSTEIN et al., Petitioners, v STATE TAX COMMISSION, Respondent.

Third Department, June 8, 1978

APPEARANCES OF COUNSEL

*Aranow Brodsky Bohlinger Benetar & Einhorn (Samuel Brodsky* and *John D. Caplan* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

In 1967 Hyman Arbesfeld entered into a 10-year employment contract to manage the Beverly Hotel in New York City for a stated portion of the profits of that business. The agree-

ment also specified that he was to loan the employer $150,000 at 4% interest upon repayment terms extending over the life of the contract. Lacking the total sum himself, Arbesfeld solicited contributions from others in exchange for a distributive share of his anticipated earnings. He succeeded in raising the funds and the participants reached an agreement whereby that income was to be divided, for the most part, in proportion to their respective contributions. In practice, however, Arbesfeld and two other participants, who also worked for the hotel, received substantial bonuses in advance of the distribution. The venture filed partnership returns, but paid no unincorporated business tax, and Arbesfeld, who had purported to make a gift of his interest in this venture to his wife as custodian of their four minor children, excluded his distributive share from their combined personal income tax returns. Unincorporated business taxes were assessed and imposed on the venture for the years 1968 through 1972, and additional personal income taxes were imposed upon Arbesfeld for the years 1970 through 1972. With but minor modifications, the respondent State Tax Commission denied petitions for a redetermination of these assessments following a combined hearing. A review of those determinations is now sought in this article 78 proceeding.

■ Although an unincorporated business subject to tax broadly includes "any trade, business or occupation * * * engaged in * * * by an * * * unincorporated entity" (Tax Law, § 703, subd [a]), petitioners claim their enterprise falls within a limitation contained in subdivision (e) of section 703 of the Tax Law providing that "[a]n owner of real property, a lessee or a fiduciary shall not be deemed engaged in an unincorporated business solely by reason of holding, leasing or managing real property." However, inasmuch as the unincorporated combination formed by petitioners neither owned nor leased any real property, nor held it in a fiduciary capacity, their entity plainly did not qualify for entitlement to this exemption (see *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Additionally, while the investment of some members may have been passive, it is equally plain that the venture itself was actively pursuing the business of enhancing the profits of the Beverly Hotel through the managerial efforts of Arbesfeld and two of its other members. Their combination did more than manage realty; it directly participated in the operation of an on-going hotel business and, accordingly, we find nothing arbitrary, capricious or illegal in respondent's conclusion that it was, in fact, an unincorporated

business (see *Matter of Koner v Procaccino,* 39 NY2d 258; cf. *People ex rel. Nauss v Graves,* 283 NY 383).

■ ■ We also reject petitioners' contention that an unincorporated business tax may not be imposed for the years 1968 and 1969 because the assessment therefor was not made in a timely fashion after partnership returns for those years were filed. The general three-year period for the making of such assesments (Tax Law, §§ 722, 683, subd [a]) does not apply when no return is filed (Tax Law, § 683, subd [c], par [1], cl [A]) and we agree with respondent that the 1968 and 1969 partnership returns actually filed by petitioners were tantamount to no returns at all for unincorporated business tax purposes. While the partnership return contains a section for reporting that tax, petitioners marked it "N/A", meaning not applicable, and did not otherwise detail the nature of their business activity. Petitioners' attempts to distinguish *Matter of Hewitt v Bates* (297 NY 239) are unpersuasive (see *Matter of Warnecke v State Tax Comm. of State of N. Y.,* 15 AD2d 320). Lastly, we also find no merit to petitioners' assertion that a deduction should have been allowed for the full amount of the "bonuses" paid before the distribution of venture income took place since the amount of permissible deductions is statutorily limited and was here properly calculated (Tax Law, § 706, subd [3]; § 708, subd [a]).

■ In relation to Arbesfeld's liability for personal income taxes, petitioner maintains that the gift of his interest in the venture to his children carries with it a transfer of his earnings therefrom and exonerates him from tax responsibility for such income. The amount of additional tax said to be due is not contested and we find nothing irrational in respondent's conclusion that since this income was largely generated by his efforts, as opposed to capital, it may not be assigned without tax consequence to his children alone.

The determinations should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Determinations confirmed, and petition dismissed, without costs.