In the Matter of JOSEPH COSTA et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission. Petitioner Joseph Costa graduated from Manhattan College where he received a B.B.A. degree with a major in accounting. He subsequently went into the United States Air Force, where he was a finance officer, and he testified that while in the Air Force, he went to the Budgetary and Accounting School in Macon, Georgia, and to the Advanced Accounting and Systems School in Denver, Colorado. He has completed courses in taxation, business and law. In 1954 petitioner became associated with the Tax Research Institute of America where he did research in the field of Federal and State taxation. In 1960 petitioner began training with H & R Block, Inc., and in 1962 he obtained a franchise from H & R Block, Inc., in Westchester County. Under this franchise arrangement, he prepared various types of tax returns. He employed tax consultants and gave them special training courses in tax matters. He attended tax seminars and educational programs, and he testified that he has given lectures on tax matters. He is neither a licensed public accountant, registered public accountant nor certified public accountant; he testified that all his background is with tax work. In May of 1966 petitioner testified that he transferred one half of his interest in the franchise to copetitioner Geraldine Costa, his wife. In connection therewith, on May 6, 1966, petitioner filed a certificate of discontinuance of business under H & R Block, Inc., as to his Mount Vernon office, and on the same date, his wife filed a business certificate of conducting a business of H & R Block, Inc., at the Mount Vernon office as the successor to Joseph Costa. Thereafter, and on June 25, 1969, petitioner filed a business certificate of conducting business of H & R Block, Inc., in New Rochelle, New York. On September 3, 1970 petitioner entered into an agreement to sell his franchise to H & R Block, Inc. He was the sole seller and H & R Block, Inc., the sole buyer; however, petitioner testified that he had authority to represent his wife. After a hearing, the State Tax Commission concluded that the activities of petitioner Joseph Costa during 1969 and 1970 constituted the carrying on of an unincorporated business. The State Tax Commission also concluded that the gain on the sale of the H & R Block franchise by petitioner Joseph Costa must be reported separately and that none of it could be allocated to his wife. Petitioner and his wife now seek to annul this determination. The first issue is whether the activities of petitioner Joseph Costa, in the operation of the H & R Block tax franchise, constituted the practice of a profession which is exempt from the unincorporated business tax. Subdivision (c) of section 703 of the Tax Law provides that "The practice of law, medicine, dentistry or architecture, and the practice of any other profession in which capital is not a material income producing factor and in which more than eighty per centum of the unincorporated business gross income for the taxable year is derived from personal services actually rendered by the individual or the members of the partnership or other entity, shall not be deemed an unincorporated business." Concededly, 80% or more of petitioner Joseph Costa's income from the H & R Block franchise was derived from personal services rendered, and capital was not a material income producing factor. He contends that his activities as a preparer of tax returns constituted the practice of a profession. The

term "profession" implies "knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study" *(People ex rel. Tower v State Tax Comm.,* 282 NY 407, 412). In *Matter of Sundberg v Bragalini* (7 AD2d 15, 19, mot for lv to app den 6 NY2d 705) this court held that the proper test to be applied in this area is "whether the application of professional education, training and skill was either essential to produce the income, or so material to its production as reasonably to warrant the conclusion that without them the taxpayer could not have profitably pursued the particular occupation, under normal conditions of business and competition." In *Matter of Rosenbloom v State Tax Comm.* (44 AD2d 69, 70-71, mot for lv to app den 34 NY2d 518), we listed four factors which should be considered in determining whether an activity constitutes the practice of a profession. These included a long-term educational background generally associated with a degree in an advanced field of science or learning; the requirement of a license; control of the occupation by standards of conduct, ethics and malpractice liability; and the barrier to carrying on the occupation as a corporation. In addition to the factors listed in *Rosenbloom,* we have also held that "the services performed must involve something more than the type of services generally performed by those in the broader categories of a trade, business or occupation" *(Matter of Koner v Procaccino,* 45 AD2d 551, 553, affd 39 NY2d 258). Finally, in *Matter of Tannenbaum v State Tax Comm.* (46 AD2d 400, 401), we noted the requirement of a license is only one factor which should be considered, and it "is not necessarily a satisfactory standard by which to classify the nature of an occupation." Thus the question of whether an activity constitutes the practice of a profession exempt from the unincorporated business tax, which is a question of law *(Matter of Voorhees v Bates,* 308 NY 184, 188) is a *sui generis* determination; each case depends upon its particular facts and circumstances. In the final analysis, the outcome rests on whether the record contains sufficient facts which provide a rational basis for the State Tax Commission's determination *(Matter of Rosenbloom v State Tax Comm., supra,* p 71). In our view, the record contains substantial evidence upon which the Tax Commission could rationally conclude that petitioner's activity did not constitute the practice of a profession. Petitioner has no license which, although not determinative *(Matter of Kahn & Jacobs v State Tax Comm.,* 39 AD2d 278, 280, affd 33 NY2d 549; 20 NYCRR 203.11 [b]), is a factor to be considered. The record contains no evidence that a degree in tax preparation is available, and under *Rosenbloom (supra)* petitioner did not present evidence that he has "a long-term educational background generally associated with a degree in an advanced field of science or learning" *(Matter of Rosenbloom v State Tax Comm., supra,* p 71). There is no indication in the record that the preparation of tax returns is controlled by standards of conduct, ethics or malpractice liability, and while less significant today since professionals can incorporate, no barrier exists to prevent tax preparers from incorporating *(Matter of Rosenbloom v State Tax Comm., supra).* Although concededly petitioner had specialized knowledge in the areas of accounting and taxation, that alone does not establish the practice of a profession *(Matter of Niles v Murphy,* 34 AD2d 862, affd 31 NY2d 848). Thus, since there are sufficient facts, together with the reasonable inferences therefrom to sustain the determination of the Tax Commission, it must be confirmed *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). The second issue is whether the gain on the sale of the franchise in 1970 can be attributed to the petitioners in proportion to their alleged respective ownership interests. Petitioners contend that there was a

legitimate business reason for the transfer in 1966 of one half of the franchise to the wife and that, therefore, the gain realized upon the subsequent sale of the franchise in 1970 should have been allocated in accordance with their respective ownership interests. Subdivision (f) of section 612 of the Tax Law provides that where a "husband and wife determine their federal income tax on a joint return [as is the case herein] but determine their New York income taxes separately, they shall determine their New York adjusted gross incomes separately as if their federal adjusted gross incomes had been determined separately." The State Tax Commission concluded that all of the gain on the 1970 sale of the franchise must be reported by petitioner Joseph Costa, based upon the finding that petitioners failed to submit "documentary or other substantial evidence that they were tenants in common in the franchise business of H & R Block, or that the franchise permitted any transfer of interest between them." Only a portion of the agreement to sell is produced in the record herein and, although petitioner contends that he had his wife's authority to act on her behalf in the sale, there is no documentary evidence to support that contention. Moreover, petitioner continued to oversee and manage the daily affairs of the business after the sale to his wife, and there is no evidence that she contributed financially to the business, actually worked at the business, or gave her husband authority to act on her behalf. Thus, despite the fact that a certificate of doing business was filed by petitioner's wife, the State Tax Commission could properly conclude that for tax purposes there was not an effective transfer between petitioner and his wife, and that he must therefore report the gain on the sale of the franchise separately within the meaning of subdivision (f) of section 612 of the Tax Law (cf. *Matter of Arbesfeld, Goldstein v State Tax Comm.,* 62 AD2d 627). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.