■ In the Matter of STANDARD RATE & DATA SERVICE, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR arti-

cle 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held that certain publications of petitioner were not periodicals exempt from sales and use taxes under section 1115 (subd [a], par [5]) of the Tax Law. Petitioner Standard Rate and Data Service, Inc., is a publishing company which gathers information about various media organizations and publishes the information in a number of publications. On December 11, 1972, the Sales Tax Bureau issued to petitioner a notice of determination and demand for payment of sales and use tax due on these publications in the amount of $90,950.60 plus penalties and interest for the period September 1, 1969 through August 31, 1972. Upon petitioner's request, a hearing was subsequently held on this matter after which the State Tax Commission denied petitioner's application for a revision of the determination, and the present proceeding ensued. We hold that the challenged determination should be confirmed and, in so ruling, find without merit petitioner's contention that the commission acted improperly in concluding that the subject publications were not exempt as periodicals from sales and use taxes. While periodicals are expressly exempted from these taxes by the provisions of section 1115 (subd [a], par [5]) of the Tax Law, great deference must be accorded to the commission's construction of the term "periodical" as it is used in the statute (Matter of Condé Nast Pub. v State Tax Comm., 51 AD2d 17, app dsmd 39 NY2d 942), and in this instance, the commission has determined that, to constitute a periodical, a publication must, inter alia, generally contain "a variety of articles by different authors devoted to literature, the sciences or the arts, some special industry, profession, sport or other fields of industry". Such a construction of the term "periodical" is plainly not irrational (see Houghton v Payne, 194 US 88; Matter of Business Statistics Organization v Joseph, 299 NY 443), and, accordingly, it should not be disturbed (Matter of Howard v Wyman, 28 NY2d 434; Matter of Bork v City School Dist. of City of North Tonawanda, 60 AD2d 13, mot for lv to app den 44 NY2d 647). Moreover, examining the publications in question with this construction of the term "periodical" in mind, we find that they each had rigid standardized formats and that their respective contents were composed almost entirely of listings and statistical data. Under these circumstances, the commission's further determination that the publications did not contain "articles" so as to qualify as periodicals is likewise reasonable and proper and should be sustained (Matter of Howard v Wyman, supra). It having thus been established that the "periodical" exemption is inapplicable here, petitioner's challenge to the tax assessment clearly must fail because it is undisputed that the publications are tangible personal property (see Tax Law, § 1105, subd [a]; § 1110). Furthermore, this result renders unnecessary our consideration of whether or not the publications are taxable as information services (see Tax Law, § 1105, subd [c], par [1]), an alternative ground cited by the commission in support of its determination. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.