■ In the Matter of BRUCE O. BECKER et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Tax Commission which sustained deficiencies assessed against petitioners for their 1973 personal income tax returns. Petitioners Bruce O. Becker, Philip D. Levy and Rodney A. Richards (hereinafter petitioners) are attorneys who are members of a professional corporation formed in 1971 for the practice of law pursuant to article 15 of the Business Corporation Law.[*] On January 2, 1972, each attorney transferred his shares of stock in the corporation to a trustee under three identical revocable trusts. In their 1973 New York income tax returns, petitioners failed to make certain modifications as shareholders in professional corporations as required by section 612 (subd b, pars [7], [8], [9]) of the Tax Law (known as "add back" provisions), whereby upward adjustments of the Federal adjusted gross income are required to reflect deductions allowed for Social Security tax, insurance premiums and pension plan payments. Notices of deficiency were issued and, following a hearing, were sustained by respondent which rejected petitioners' claim that they were no longer "shareholders" of a professional corporation by virtue of the transfers of their shares to the trustee. Petitioners challenge respondent's determination and, in addition, question the constitutionality of the add-back provisions of the Tax Law on the ground that those provisions violate the equal protection clause of the United States Constitution. The determination should be confirmed. Respondent determined that because petitioners had retained all incidents of ownership of the shares of stock, such as the right to withdraw property from the trust at any time and to revoke the trust at any time, and because the trustee had no active duties to perform other than to do as directed by the grantors-beneficiaries, the trust was passive, not active, the trustee took nothing, and legal and equitable title remained vested in petitioners. This court has held that where a trustee has no active duties or obligations to perform in respect to the corpus, such trust must fail as passive (*Ward v Saranac Lake Fed. Sav. & Loan Assn.*, 48 AD2d 337, 339; see EPTL 7-1.1, 7-1.2). Respondent further relies upon provisions of the Internal Revenue Code which treat as taxable to a grantor all income generated by a trust in which the grantor has retained power of disposition and revocation, and to direct voting of stock held in trust (US Code, tit 26, § 674, subd [a]; § 675, subd [4]; § 676, subd [b]). Under section 607 of the Tax Law, terms used in article 22 have the same meaning as when used in a comparable context in the Internal Revenue Code, "unless a different meaning is clearly required". Petitioners argue, however, that an amendment to section 612 of the Tax Law was specifically enacted in 1971 to permit

---

[*] The other petitioners are spouses of the attorneys who filed joint income tax returns with their husbands.

establishment of the type of trust utilized here for the sole purpose of avoiding tax liability under that section, citing as their sole authority a memorandum by the amendment's sponsor. Nothing in the language of the amendment itself, however, indicates that it was intended to create such a tax "loop-hole" (cf. *Matter of Costa v State Tax Comm.*, 67 AD2d 1074). In our view, the record contains sufficient facts, together with the reasonable inferences therefrom, to sustain respondent's determination. The determination is neither irrational nor unreasonable and must, therefore, be confirmed (*Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Standard Rate & Data Serv. v State Tax Comm.,* 72 AD2d 659, 660; *Matter of Costa v State Tax Comm.,* 67 AD2d 1074, 1075, *supra*). Finally, we reject petitioners' contention that the add-back provisions of section 612 of the Tax Law violate the equal protection clause of the United States Constitution by differentiating between employees of conventional business corporations and those of professional corporations. The Legislature is accorded wide discretion in making tax classifications and is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value (*Shapiro v City of New York,* 32 NY2d 96, 103-104, app dsmd 414 US 804; *Matter of Peck v New York State Tax Comm.,* 81 AD2d 938, 940). "[T]he Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from others. The test is whether the difference in treatment is an invidious discrimination" (*Lehnhausen v Lake Shore Auto Parts,* 410 US 356, 359; *Matter of Catapano Co. v New York City Fin. Admin.,* 40 NY2d 1074, 1075-1076). There is a distinguishable difference between employees of a conventional corporation and petitioners, employees of a professional corporation, which provides justification for different tax classification. Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.