In the Matter of AARON ELKIND, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to the court by order of the Supreme Court at Special Term, entered in Albany County), seeking to annul a determination of the State Tax Commission which sustained a notice of deficiency assessing petitioner for unincorporated business taxes for the years 1970 and 1971. The facts are not in dispute. Petitioner is a partner in several partnerships which own various parcels of real property. The property is in the names of the individual partners rather than the partnership. Petitioner received compensation from the partnerships for managing the real property. His duties consisted of preparing leases, renting apartments, supervising superintendents, keeping up the property and other responsibilities of a landlord-tenant relationship. A tax deficiency was assessed for the years 1970 and 1971 by the State Tax Department upon the ground that the afore-mentioned compensation was subject to the unincorporated business tax (Tax Law, art 23). Following a small claims hearing, respondent sustained the deficiency assessment and this proceeding ensued. Subdivision (a) of section 703 of the Tax Law defines an unincorporated business as any trade, business or occupation, conducted, engaged in or being liquidated by an individual or unincorporated entity. The remainder of the section creates limitations on the scope and meaning of an unincorporated business. Petitioner claims that subdivision (e) exempts him from an unincorporated business tax. It reads: "Holding, leasing or managing real property.—An owner of real property, a lessee or a fiduciary shall not be deemed engaged in an unincorporated business solely by reason of holding, leasing or managing real property." When a taxpayer attempts to claim the benefit of a statute providing an exemption from taxation, the taxpayer assumes the burden of proof of entitlement to the benefit. The Tax Commission has reasoned that the property managed by petitioner is partnership property and, consequently, the partnership owns the property rather than petitioner. In so concluding, respondent rationally held in construing the word "owner" in subdivision (e) of section 703 of the Tax Law to refer to the partnership and not to petitioner, albeit he is one of the partners. Since petitioner, in managing the real property, performed services for the partnerships, the owners thereof, and since he received compensation for those services, there are facts to sustain the respondent's determination and it should, therefore, be confirmed *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Determination confirmed, and

petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.