■ In the Matter of Swid-Pearlman Management, Petitioner, v James H. Tully, Jr., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained the imposition of an unincorporated business tax for the years 1971 and 1972. Petitioner, during 1971 and 1972, was a general partnership formed in December, 1969 under the Laws of New York, and consisted of Stephen Swid and Kenneth Pearlman as its sole general partners. This general partnership served as the general partner of two limited partnerships, and engaged in managing the investments of the two limited partnerships, namely Swid Investors and Southwing Investors. Petitioner's income for the years in issue was derived principally from services rendered by the petitioner to the said limited partnerships. The articles of limited partnership of Swid Investors provided in paragraph 17.02 of the agreement as follows: "Any net capital gain for each fiscal period shall be divided as follows: (a) 20% shall be credited to the capital account of the General Partner (b) 80% shall be credited to the capital accounts of all partners (General and Limited) to be divided among them in proportion to the amounts of their capital accounts at the beginning of such fiscal period." Paragaraph 17.04 of the agreement

provided that: "Any net operating income or loss and net capital loss of the Partnership for each fiscal period of the Partnership, shall be credited or debited, as the case may be, to the capital accounts of all Partners (General and Limited) in proportion to the amounts of their respective capital accounts at the beginning of such fiscal period." From trading in securities and commodities in 1971, petitioner's share of the gains from Swid Investors amounted to $274,003 (plus an additional $39,429 earned on $100,000 invested in Swid Investors) and its share of the gains from Southwing Investors amounted to $104,704 for a total gain that year in excess of $400,000. Its management record of achievement continued in 1973 with the "Swid-Pearlman 20% share of gain (in Swid Investors alone) for the six months ending June 30, 1972 equaling $175,127". Petitioner filed New York State partnership tax returns for the years 1971 and 1972, and claimed exemption from the unincorporated business tax as provided by subdivision (d) of section 703 of the Tax Law. The commission, denying the petition, held that "During the years in issue, the activities of the petitioner constituted in the trading of securities for other partnerships did not constitute the purchase and sale of property for its own account, and was not exempt from the unincorporated business tax" pursuant to subdivisions (d) and (e) of section 703 of the Tax Law. Subdivision (d) of section 703 of the Tax Law provides: "An individual or other unincorporated entity, except a dealer holding property primarily for the sale to customers in the ordinary course of his trade or business, shall not be deemed engaged in an unincorporated business solely by reason of the purchase and sale of property for his own account". The testimony in the record indicates that petitioner was a general partnership formed to serve as the general partner for the two limited partnerships; that the activities of the petitioner consisted solely of investing and trading in securities for the benefit of their respective partners; that the limited partnerships were private investment partnerships in which the limited partners pooled their capital to be invested for their benefit by the general partner; that petitioner did not act in the buying and selling of securities for other third parties; that petitioner earned no income from commissions or fees; and that neither the general partners, individually, or as a partnership, received any salary for services. Petitioner's contention that it was engaged in trading solely for its own account, fails to recognize that managing investments or property of others is considered the conduct of a business, and taxable under article 23 of the Tax Law (*Matter of Elkind v State Tax Comm.*, 63 AD2d 789). Petitioner was not investing its own funds in securities, but rather the capital funds of the limited partners. Since petitioner was created to "engage in general investment activities" and serve as general partner of the two limited partnerships, it is evident that the trading of securities in "hundreds of" transactions was part and parcel of the regular conduct of petitioner's "investment management" business. There was ample justification for the commission's finding that the petitioner's income was "derived principally from services rendered by the petitioner" for the limited partnerships, and for concluding that such trading "did not constitute the purchase and sale of property for its own account." Since the assessment was rendered because the petitioner was performing a service for which it was being compensated and for no other reason, it is of no importance whether the activities of the management business were conducted as here by a general partner composed of two individuals or by a corporate or individual general partner. Management of property by a fellow partner constitutes the operation of a business taxable under the Unincorporated Business Tax Law (*Matter of Elkind v State Tax*

*Comm., supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.