■ In the Matter of CLEMENT J. WOHLREICH et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment against petitioners. Clement and Holly B. Wohlreich were both nonresidents of New York prior to and during the time of the events which are the subject of this proceeding. Clement J. Wohlreich owned a seat on the American Stock Exchange. As of September 6, 1968, Wohlreich became a general partner in the New York based partnership of Axelrod & Company. On April 23, 1969, Axelrod & Company and C. J. Wohlreich entered into a written agreement whereby Wohlreich conveyed to Axelrod & Company the beneficial interest in his seat on the American Stock Exchange, and agreed to give to Axelrod 50% of the profits realized from trading $300,000 in capital made available to him as capital by Axelrod & Company. Thereafter, Wohlreich utilized the facilities of Axelrod in the conduct of his trading. The profits from the trading of the $300,000 were listed on Axelrod & Company's schedule K of the Federal partnership income tax return. Petitioners paid no New York State income taxes based upon C. J. Wohlreich's stock trading. The agreement of April 23, 1969 terminated on October 13, 1970. The New York State Income Tax Bureau issued a deficiency assessment against petitioners for the years 1969 and 1970 on the ground that the income earned from Axelrod & Company was partnership income derived from New York State sources. Following a formal hearing, the Tax Commission affirmed the deficiency assessed against the partnership income earned as a result of the agreement of April 23, 1969, but modified the determination to exclude the amounts of such income earned by C. J. Wohlreich in 1969 prior to April 23, 1969 and to allow

certain business expense deductions. This proceeding ensued. Part 3 of article 22 of the New York Tax Law governs personal income taxation of nonresidents. The adjusted gross income of a nonresident includes items of income attributable to "a business, trade, profession or occupation carried on in this state." (Tax Law, § 632, subd [b], par [1], cl [B].) The "distributive share of partnership income" is included therein (Tax Law, § 632, subd [a], par [1], cl [A]). Partnership is not defined in the Tax Law, but section 607 of the Tax Law provides that terms used therein have the same meaning as when used in a comparable context in the Federal Tax Law unless a different meaning is clearly required (cf. *Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195). Title 26 (§ 761, subd [a]) of the United States Code provides that a partnership "includes a * * * joint venture or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on". The agreement of April 23, 1969 created a partnership under the Federal definition of the term. The income distributions to petitioner C. J. Wohlreich were taxable under section 632 of the Tax Law. Substantial evidence supports the Tax Commission's determination. Pursuant to the April 23, 1969 agreement, Axelrod & Company provided C. J. Wohlreich with $300,000 in capital for trading in exchange for a 50% interest in the capital gains from such trading and the beneficial interest in Wohlreich's seat on the American Stock Exchange. Further, the total earnings from the trading done by C. J. Wohlreich pursuant to the agreement were reported as partnership earnings on Axelrod's schedule K of the Federal partnership income tax return. On these facts, it cannot be said that C. J. Wohlreich was trading on his own account under section 632 of the Tax Law (cf. *Matter of Swid-Pearlman Mgt. v Tully*, 67 AD2d 1022). We have examined petitioners' other contentions and find them to be without merit. Since the determination of the Tax Commission is supported by substantial evidence, we must confirm. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.