■ In the Matter of MARION G. VOGT, Individually and as Executrix of the Estate of GEORGE R. VOGT, Deceased, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a notice of deficiency against petitioner in the amount of $4,917.72. In this proceeding, the petitioner contends that the determination of the respondents, assessing a deficiency of $4,917.72, lacks a substantial evidentiary basis. In his lifetime the decedent, a resident of New Jersey, acquired a 3.4977% interest, by a capital contribution of $50,000, in Endeavor Car Company (Endeavor), a partnership established under the laws of New York. This partnership consisted of two general partners and 18 limited ones, one of whom was the decedent. It was formed to facilitate the acquisition and financing of railroad cars for leasing to an out-of-State corporation called PPG Industries (PPG). Endeavor purchased new cars directly from manufacturers at invoice and used cars from PPG itself at appraised values. Through such sales and leasebacks, PPG sought to obtain cash for capital expansion. Under the terms of its lease with Endeavor, PPG assumed liability and agreed to indemnify Endeavor against all obligations and claims relating to or arising out of the operation of the equipment and to maintain and repair the rolling stock at its own expense. The in-State activities of Endeavor were handled by one of the general partners, who was also a vice-president of the First Boston Corporation, and the business of Endeavor was conducted by him at 20 Exchange Place, New York, New York, the headquarters of First Boston. This partner

devoted between 30% to 50% of his time to the business of Endeavor, arranging temporary and long-term financing, negotiating lease agreements, and generally supervising the partnership activities. Otherwise, Endeavor had no employees, and it paid no salaries, even to this general partner. In 1970, Endeavor incurred an operating loss of which the decedent's share was $22,152. Losses in this amount were deducted by the decedent from his New York State income tax nonresident return. The respondent dismissed the petition for redetermination of deficiency or for refund, and sustained the deficiency for the following reasons: "A. That the activities of the partnership, Endeavor Car Company, were passive in nature and did not have the frequency, continuity, and regularity of activities so as to constitute a regular business activity, within the meaning and intent of section 703 of the Tax Law and 20 NYCRR 203.1 (a). As a result, the partnership was not engaged in a business, trade, or profession in New York State, but rather had an investment in railroad cars located outside New York State; therefore, the distributive share of loss received by petitioner George R. Vogt from Endeavor Car Company did not constitute a loss derived from or connected with New York State sources, within the meaning and intent of sections 632 (b)(1)(A), 632 (b)(1)(B) and 637 (a)(1) of the Tax Law, and 20 NYCRR 131.4(a). B. That Treasury Regulation § 1.704-1(d) limits the amount of partnership loss which may be allowed to a partner, to the amount of the adjusted basis of his interest in the partnership at the end of the partnership's taxable year, wherein the loss occurred; moreover, petitioner George R. Vogt would not have been allowed to claim a loss had said loss been derived from, and/or connected with New York sources." The record supports the determination made. On its New York State partnership tax return, Endeavor indicated that the partnership had "no New York State source income" and that the losses that the petitioner seeks to deduct were not "derived from or connected with New York sources" pursuant to section 637 (subd [a], par [1]) of the Tax Law. These declarations by one partner concernng the partnership business are competent against other partners *(Hutchison v Brown,* 277 App Div 130). Furthermore, the activities of Endeavor in this State did not constitute a business under 20 NYCRR 131.4 (a) where it maintained no business office separate and distinct from that of the First Boston Corporation and the general partner, who managed the affairs of Endeavor, was not affected in the salary he received from First Boston for conducting the affairs of Endeavor. The activity carried on in New York by Endeavor fell squarely within the definition of a "net lease" whereby the lessee pays, in addition to rent, the taxes, insurance and maintenance charges. Net leases are recognized as financing or investment arrangements rather than business activities *(McCoach v Minehill Ry. Co.,* 228 US 295). Accordingly, the determination of the respondent should be confirmed. Determination confirmed, and petition dismissed, without costs. Main, Mikoll, Casey and Herlihy, JJ., concur.

Kane, J. P., dissents and votes to annul in the following memorandum. Kane, J. P. (dissenting). In determining the income tax liability of a nonresident partner under Part 3 of article 22 of the Tax Law, only the portion of such partner's distributive share of partnership income, gain, loss and deduction which is derived from or connected with a New York source may be considered (Tax Law, § 637, subd [a], par [1]; § 632, subd [a], par [1], cl [A]). The requisite source encompasses items

attributable to a business carried on within or partly within this jurisdiction (Tax Law, § 632, subd [b], par [1], cl [B]; § 632, subd [c]), but the term "business" is not defined in the subject article. Since Endeavor's operations were wholly directed from points in New York, the primary question developed before respondent was whether those activities constituted a business. Respondent's negative answer seems to be based, at least in part, on statutes and regulations pertaining to the taxation of unincorporated entities under article 23 of the Tax Law. Assuming those provisions offer relevant guidance, the determination finally made does not possess a rational foundation. There is no evidentiary support for respondent's conclusion that Endeavor's activities lacked frequency, continuity or regularity. Organized in 1968, its purchase of railroad cars extended throughout the tax year in question and the financing and leases it arranged covered lengthy time periods. Whatever its nature, Endeavor was plainly involved in something more than a haphazard or isolated series of commercial transactions. Annulment is not warranted on that ground alone, however, for respondent's determination also mentions the passive character of Endeavor's investment in rolling stock as yet another reason for declining to consider it a business. While the substance of its operations merited attention, respondent's conclusion is legally flawed. Subdivision (d) of section 703 of the Tax Law provides, in part, that "An * * * unincorporated entity * * * shall not be deemed engaged in an unincorporated business solely by reason of the purchase and sale of property for his own account". The applicable regulations expand on this concept as follows: "(a) Except as otherwise specifically provided in this Subchapter, an unincorporated business means any trade, business or occupation conducted, engaged in or being liquidated by an individual or by an unincorporated entity including a partnership or fiduciary or a corporation in liquidation but not including any entity subject to the tax imposed by articles 9, 9-A, 9-B, 9-C or 32 of the Tax Law. *In general, the trades, businesses or occupations which constitute an unincorporated business* when conducted or engaged in (or when they are being liquidated) by an individual or an unincorporated entity *include, without limitation, all phases of such activities as* mining, farming, manufacturing and processing, merchandising, banking and *financing,* trucking and other *transportation services,* brokerage services of all types *and any other activity which involves the leasing of or trading or dealing in* real or *personal property* or the performing of services of any kind. Where a doubt as to the status of an activity exists, all the relevant facts and circumstances must be considered in determining whether the activity or the transactions involved constitute a trade, business or occupation for the purposes of this section. Generally the continuity, frequency and regularity of activities, as distinguished from casual or isolated transactions, and the amount of time, thought and energy devoted to the activities or transactions are the factors which are to be taken into consideration. (b) Ordinarily, the engaging in activities relating to the investment and re-investment of a taxpayer's own funds and the receipt or collection of income therefrom or the consummation of isolated or incidental transactions connected with such investment activities will not be considered to be the carrying on of a trade, business or occupation. *However,* a taxpayer who or which invests funds in the purchase of an operating unincorporated business such as a manufac-

turing plant, mercantile organization, hotel or other unincorporated activity of the type *where the carrying on of business is necessary to realizing on the investment will be deemed to be engaged in the conduct of a taxable trade, business or occupation, even though only a limited amount of time, thought and energy may be devoted to the activity by an individual taxpayer or by the members of a partnership or other unincorporated entity.*" (20 NYCRR 203.1 [1] [b]; emphasis added.) Since Endeavor was active in financing the purchase and subsequent lease of personal property, and since petitioner depended on that activity to obtain a return on his investment, the only rational view of the matter —consistent with prior rulings and judicial authority—is that Endeavor was engaged in a business (cf. *Matter of Wohlreich v Tully,* 72 AD2d 825; *Matter of Swid-Pearlman Mgt. v Tully,* 67 AD2d 1022). The declaration by one of its partners may have been intended to limit New York income, but it cannot serve to mask the reality of Endeavor's operations in this jurisdiction. Lastly, the evidence does not support respondent's alternative finding under a treasury regulation because the adjusted basis of petitioner's interest in Endeavor was never fixed. Accordingly, the determination should be annulled and the matter remitted for further proceedings.