In the Matter of ELIZABETH H. TODD, Individually and as Executrix of GORDON B. TODD, Deceased, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 16, 1982

### APPEARANCES OF COUNSEL

*Hawkins, Delafield & Wood (James R. Eustis, Jr.,* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Francis V. Dow* and *Jeremiah Jochnowitz* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

During the time period at issue here, petitioner and her husband, the decedent, derived their income primarily from the ownership of and transactions in securities. The

income from these activities was distributed equally between petitioner and decedent, although their roles in producing the income differed. Petitioner's participation was limited to the contribution of money she received from independent sources, while decedent's participation included the actual investment activities. To facilitate his investment activities, decedent was registered as a broker-dealer with the Securities and Exchange Commission during part of the relevant time period.

A major portion of the investment activities undertaken by decedent involved the writing of put and call option contracts. Decedent's practice was never to write a call option (an agreement to sell stock within a specified time at a specified price) against either stock he did not own or stock which if called away would result in a capital loss. Nor did he write put options (agreements to buy stock within a specified time at a specified price) against stock he had no interest in acquiring. The majority of the options written by decedent were negotiable options placed with a member of the Put and Call Brokers and Dealers Association, which decedent was not a member of. A small percentage of the gross premiums received by decedent for his option writing activity came from nonnegotiable options written by decedent for a select group of approximately 20 relatives and long-time acquaintances. In these instances, decedent, without the aid of a member of the Put and Call Brokers and Dealers Association, agreed to purchase from (a put) or to sell to (a call) the individual on or before a specified date a specified number of shares at the contract price, with the understanding that should there be a sufficient change in the market price to justify the exercise of the option, decedent would deliver the equity in the contract, rather than the underlying shares.

Respondent has concluded that decedent's activities, recited above, constituted the carrying on of an unincorporated business, subject to tax pursuant to articles 16-A and 23 of the Tax Law. In so doing, respondent rejected petitioner's contention that decedent's activities fell within the exemption contained in subdivision (d) of section 703 of the Tax Law, which provided that "[a]n individual or other unincorporated entity, except a dealer holding property

primarily for sale to customers in the ordinary course of his trade or business, shall not be deemed engaged in an unincorporated business solely by reason of the purchase and sale of property for his own account" (see, also, Tax Law, § 386). In its determinations respondent recited the facts, most of which were stipulated, and the relevant legal principles, but made no attempt to explain the rationale by which it concluded that decedent's activities constituted an unincorporated business, or to specify which of the various factors provided the basis for its conclusion. Its brief, however, points to several factors.

It is contended that decedent was not a mere investor since his activities were extensive and regular, and constituted the main source of income for decedent and petitioner. This contention, however, conflicts directly with the stipulated facts, which specifically describe both decedent and petitioner as "investors". Moreover, in its determination concerning the taxable years 1960 through 1971, respondent expressly recognized that extensive and regular trading in securities or commodities does not alone constitute the carrying on of an unincorporated business.

Although there is some basis for concluding that, prior to 1976, substantial and regular sale or writing of stock options for one's own account could constitute an unincorporated business,* it is readily apparent that this rationale cannot support the determination at issue herein. As noted above, the stipulated facts indicate that throughout the entire period reviewed by respondent a major portion of decedent's investment activities involved the writing of stock options. Yet respondent has determined that subsequent to July 16, 1962 these activities did not constitute an unincorporated business. Accordingly, in order for respondent's determination to be free from irrationality, there must be some factor or factors present prior to July 16, 1962 not present thereafter which support the conclusion that decedent was engaged in an unincorporated business.

July 16, 1962 was the date that decedent's withdrawal of his registration as a broker-dealer was filed by the Securi-

---

* Subdivision (d) of section 703 was amended in 1976 to add the sale or writing of stock options for one's own account as an activity excluded from the definition of an unincorporated business (L 1976, ch 215, § 1).

ties and Exchange Commission (SEC). In the absence of some substantive change in the manner in which decedent actually conducted his investment activities, however, this mere change in form cannot serve as the rational basis for the distinction drawn by respondent. In its brief, respondent points out that shortly before withdrawing his registration with the SEC, decedent had changed his registration as a broker-dealer from that of a sole proprietorship to that of a partnership. Thus, respondent contends that prior to this change in form decedent was conducting the business of managing petitioner's investment, but thereafter decedent and petitioner were partners in pure investment activity. The record, however, shows no change in the relationship between decedent and petitioner concerning their income-producing activity. Rather, it is undisputed that throughout the entire period they were engaged in what amounted to a joint venture, with petitioner contributing capital and decedent conducting the actual investment activities and the parties sharing the income equally, regardless of whether they formally designated themselves as partners.

Even though a partnership or other unincorporated entity engages in activity that does not constitute an unincorporated business, a partner who manages the activity or provides other services for the partnership may be deemed to be engaged in the unincorporated business of providing such services where he receives a fee for providing such services (see, e.g., *Matter of Elkind v State Tax Comm.*, 63 AD2d 789). Here, however, the undisputed facts show that decedent was not engaged in the separate business of providing services. He received no fee for conducting the investment activity. Rather, he simply shared in the profits and losses of the joint venture. Accordingly, in view of respondent's determination that decedent's investment activities subsequent to July 16, 1962 did not constitute an unincorporated business, and in view of the absence of facts in the record indicating any substantive difference in decedent's investment activities prior to July 16, 1962, respondent's conclusion that decedent was engaged in an unincorporated business prior to July 16, 1962 is lacking in rationality, which is the critical element in the substantial

evidence test (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 182).

Respondent also denied petitioner's request that for the years 1960 through 1963 she be allowed to allocate the income from decedent's investment activity between herself and decedent. Respondent concluded that since decedent conducted all of the investment activity, all of the income derived therefrom must be allocated to him. As noted above, however, there are no facts in the record to support such a conclusion. Rather, the record establishes that petitioner and decedent each participated in the venture and that they shared equally in the income. Indeed, the stipulation of facts states that *both* decedent and his wife were investors and that *their* income was derived primarily from decedent's investment activities. Respondent's own findings of fact state that decedent "traded in securities and engaged in option activity for the joint account of himself and petitioner". Given these facts, there is no support for respondent's conclusion that all income was attributable to decedent.

The petition should be granted, without costs, the determinations annulled, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

KANE, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Petition granted, without costs, and determinations annulled; matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.