■ In the Matter of BROADWAY MOBILE HOME SALES CORP., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission. Petitioner sold used mobile homes (homes) which were located on real property owned by Gildersleeve Park for Mobile Homes, Inc. (Gildersleeve). The homes, when sold, were provided with utility hookups, and many were improved with patios, awnings and additional rooms. The owners of the homes did not own the land to which they were affixed; rather, they rented the land on a monthly basis from Gildersleeve. The homes could have been removed by their owners and transported elsewhere, although due to practical reasons, this apparently never occurred. The

owners of the homes generally were not assessed directly for real property taxes; however, in situations where owners were entitled to a partial exemption, they were billed directly and were given a credit against monthly rental payments due. Following a hearing, respondent sustained imposition of the sales tax upon sales of the homes by petitioner. Petitioner now seeks to annul that determination. The Tax Law imposes a sales tax upon the sale of "tangible personal property" (Tax Law, § 1105, subd [a]), which is defined as "Corporeal personal property of any nature" (Tax Law, § 1101, subd [b], par [6]). Respondent concluded that the homes sold by petitioner were not real property since they were not permanently affixed to real property, but were tangible personal property subject to the sales tax. Petitioner, however, contends that the homes must be treated as real property since they are classified as such under the Real Property Tax Law (see Real Property Tax Law, § 102, subd 12, par [g]) and that the homes are affixed to land and constitute real property. We disagree. As we recently stated in *Matter of Roberson v State Tax Comm.* (65 AD2d 898), the Real Property Tax Law "merely classifies mobile homes as real property for real estate tax purposes and cannot determine the status of mobile homes under the Sales Tax Law." Although *Roberson* dealt with the sale of a mobile home prior to its installation upon real property, we believe that, under the circumstances of this case, its rationale is equally applicable to sales of used mobile homes after their installation. Furthermore, the record contains sufficient facts to support respondent's determination that the homes in question were personal and not real property. Here, as in *Roberson*, and most significantly, the homes were located on another's land which land was rented on a monthly basis. They could thus be sold by their owners separately from the land. Second, the testimony at the hearing revealed the possibility that the homes could be removed by their owners and transported elsewhere. Third, the owners of the homes, except those entitled to partial exemptions, were not billed directly for real estate taxes. Petitioner's reliance upon *Matter of Consolidated Edison Co. of N. Y. v City of New York* (44 NY2d 536) is misplaced. That case involved a proceeding to review real property assessments of barge-mounted power plants which were found to be structures affixed to land under the Real Property Tax Law (Real Property Tax Law, § 102, subd 12, par [b]) and therefore taxable as real property. It does not settle the question of whether the Tax Commission could rationally treat used mobile homes as personal property. It is settled that we may not substitute our judgment for that of the Tax Commission "where reasonable minds may differ as to the probative force of the evidence" *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,* 39 NY2d 75, 79, cert den 429 US 832). Since there is substantial evidence in the record to support respondent's determination, we must confirm. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.