In the Matter of CHASANOFF OPERATING COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax deficiency assessment for the years 1962 through 1972 under article 23 of the Tax Law. In 1962, the Chasanoffs, a father

and two sons, together with two other individuals, formed a partnership known as INIP. The purpose of the partnership was for the purchase of a vacant piece of land and its development into an industrial park. The Chasanoffs were the active members of the partnership and collectively owned 55% of INIP and performed all the acts associated with the development of the land. At the same time, the Chasanoffs formed the petitioner partnership, Chasanoff Operating Company (Operating), and were its sole partners. The purpose of the formation of petitioner was to receive the Chasanoffs' drawings from INIP instead of INIP making distribution to the Chasanoffs individually. Operating did not hold itself out to the public as doing business or acting on behalf of INIP. Respondent, on September 29, 1975, issued two notices of deficiency covering the years 1962 through 1972 on the basis that the unincorporated business tax was due. After a formal hearing for a redetermination, it was concluded that the activities were subject to the tax but that the deficiencies for the years 1962 through 1971 were barred by the Statute of Limitations. Respondent disagreed with the latter conclusion and determined that the notices of deficiency for those years were not proscribed by the Statute of Limitations. This CPLR article 78 proceeding followed to review respondent's determination. Petitioner raises two issues for our consideration. It contends that there is no substantial evidence to support the determination that petitioner is subject to the unincorporated business tax and that the deficiencies for the years 1962 through 1971 are barred by the Statute of Limitations. In relation to the first issue, petitioner more specifically contends that since the distributions to INIP's partners are not subject to the unincorporated business tax pursuant to subdivision (d) of section 703 of the Tax Law, the distributions to petitioner are also not subject to the tax. It also contends that it was not engaged in business as contemplated by the Tax Law. An unincorporated business subject to the tax, includes "any trade, business or occupation * * * engaged in * * * by an * * * unincorporated entity" (Tax Law, § 703, subd [a]). Petitioner, however, argues that it falls within a limitation contained in subdivision (e) of section 703 of the Tax Law which provides that "An owner of real property, a lessee or a fiduciary shall not be deemed engaged in an unincorporated business solely by reason of holding, leasing or managing real property". Initially, we point out that we have previously held that this latter section provides an exemption to the payment of the tax (Matter of Arbesfeld, Goldstein v State Tax Comm., 62 AD2d 627, mot for lv to app den 46 NY2d 705) and, consequently, the taxpayer has the burden of establishing entitlement to the exemption (Matter of Elkind v State Tax Comm., 63 AD2d 789) and it is also strictly construed against the taxpayer (Matter of Grace v New York State Tax Comm., 37 NY2d 193, 196). We also add that it is almost axiomatic that respondent's determination as to whether a particular operation constitutes an unincorporated business is to be confirmed as long as it is not arbitrary, capricious or illegal (see Matter of Arbesfeld, Goldstein v State Tax Comm., supra). Finally, each case must be determined on its own particular facts (see People ex rel. Nauss v Graves, 283 NY 383). Viewing the issue of taxability on this entire record and in light of these general principles, we are of the view that there is substantial evidence to sustain respondent's determination. A fair reading of this record demonstrates, and respondent so found, that the Chasanoffs were active partners in a venture to purchase and develop a vacant parcel of land

and that they were managing partners or active parties in certain real estate ventures, the most important one being INIP. The record also reveals that there were additional draws for those partners who did work. The services rendered by petitioner were not limited to INIP but were performed for other companies which the Chasanoffs owned and controlled. Consequently, petitioner was engaged in the unincorporated business of managing and developing real estate and the income derived therefrom is subject to the unincorporated business tax *(Matter of Swid-Pearlman Mgt. v Tully,* 67 AD2d 1022; *Matter of Elkind v State Tax Comm.,* 63 AD2d 789, *supra).* We also reject petitioner's contention that an unincorporated business tax may not be imposed for the years 1962 to 1971 because assessment was barred by the three-year Statute of Limitations. While it is true that petitioner timely filed prescribed IT-204 forms, it did not supply sufficient information to comply with section 722 of the Tax Law. The "returns" listed the ordinary income but the net income was stated as "none" in the section for reporting unincorporated business tax and no such tax was computed. The necessary information for respondent to determine net income from ordinary income was not supplied. In other words, respondent could not ascertain from the "return" that petitioner correctly stated that its net income was "none". Consequently, there must also be a confirmation on this issue (see *Matter of Arbesfeld, Goldstein v State Tax Comm.,* 62 AD2d 627, 630, *supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.