■ In the Matter of ALBERT T. PECK et al., Doing Business as PECK BROTHERS, Petitioners, v NEW YORK STATE TAX COMMISSION et al., Respondents. (And Other Related Proceedings.) — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax deficiency and a personal income tax deficiency. In 1948, petitioners Albert and Charles Peck (petitioners) inherited from their father, as tenants in common, all the property in and around Peck's Lake in Fulton County. Shortly thereafter, they formed a partnership, known as Peck Brothers, for the purpose of managing the real property and operating the family business, which included the rental of cottages, boats and campsites and the sale of boats, motors and bait. Some 10 years later, petitioners decided to sell all of the land around the lake except the 15 acres on which their residences and the business were located. Efforts to sell this land, comprising approximately 2,531 acres, as a single parcel were unsuccessful, and in 1962 they elected to subdivide the property and sell individual lots. After amending the partnership agreement to exclude the 2,531-acre parcel from the assets of the Peck Brothers partnership, petitioners took the initial steps required to subdivide the property, including obtaining the necessary approval of various governmental agencies, hiring a surveyor to map out sections and lots, hiring a contractor to build access roads, and giving easements to utility companies. These steps were financed by loans taken by petitioners in their individual capacity, which were repaid out of the proceeds of the sale of the lots, and further improvements were financed from the proceeds. From 1962 to 1973, petitioners sold 135 lots, taking purchase-money mortgages when necessary. They maintained books and bank accounts for the sale of the lots separate and distinct from those for the Peck Brothers partnership. Petitioners did not maintain a sales office or employ sales persons in connection with the sale of the lots, although they did use the

services of a real estate broker for a period of time and did do some advertising. In addition to the proceeds from the sale of the lots, petitioners received moneys from the sale of standing timber on the 2,531-acre parcel and interest from the mortgages and savings accounts into which the proceeds had been placed. The Income Tax Bureau of the State Department of Taxation and Finance issued a notice of deficiency to the Peck Brothers partnership for unincorporated business tax for the years 1969-1973. A second notice of deficiency was issued to petitioners Albert and Alice Peck for unincorporated business and personal income taxes for the years 1972-1973 and a third notice of deficiency was issued to petitioner Charles Peck for personal income tax for the years 1972-1973. Following a hearing, the State Tax Commission sustained all three notices of deficiency, finding, *inter alia,* that the sale of lots from the 2,531-acre parcel constituted an unincorporated business subject to tax under article 23 of the Tax Law. This determination affected not only the unincorporated business tax, but also petitioners' personal income tax because they had originally given capital gains treatment to the proceeds of the sale of the lots, which they would not be entitled to do if the sale of those lots constituted a business (see US Code, tit 26, §§ 1221, 1231). These proceedings ensued. Initially, we reject petitioners' claim that there is no support in the record for the commission's finding that the sale of the lots constituted an unincorporated business subject to tax. Pursuant to subdivision (a) of section 703 of the Tax Law, an unincorporated business subject to tax includes "any trade, business or occupation * * * engaged in * * * by an * * * unincorporated entity". While subdivision (e) of section 703 provides that "An owner of real property * * * shall not be deemed engaged in an unincorporated business solely by reason of holding, leasing or managing real property", this provision creates an exemption, which is strictly construed against the taxpayer and to which the taxpayer has the burden of establishing entitlement *(Matter of Chasanoff Operating Co. v State Tax Comm.,* 79 AD2d 780, mot for lv to app den 53 NY2d 601). Here, evidence concerning the steps taken by petitioners to subdivide the property and sell individual lots supports the commission's conclusion that the property was being held primarily for sale to customers in the ordinary course of business, rather than merely being held, leased or managed within the meaning of the statutory exemption. Next, we also reject petitioners' contention that an inconsistency in the commission's determination rendered it arbitrary and capricious. The alleged inconsistency relates to the commission's finding that the subdivided parcel was not an asset of the Peck Brothers partnership and its decision to sustain the notice of deficiency issued to the partnership based, in part, upon the sales of lots from that parcel. While inconsistent on its face, this determination must be viewed in light of the statutory qualification that two or more unincorporated businesses carried on by an individual or entity can be treated as one unincorporated business for the purposes of the tax imposed by article 23 of the Tax Law (Tax Law, § 703, subd [a]). Petitioners' activities while doing business as the Peck Brothers partnership concededly constitute an unincorporated business for tax purposes and the commission has found that their joint activities in the sale of lots from the subdivided parcel also constitute an unincorporated business. Since these two business entities, each operated jointly by petitioners, can be treated as one business for unincorporated business tax purposes (Tax Law, § 703, subd [a]), the commission's decision to sustain the notice of deficiency against petitioners in their partnership capacity is not arbitrary and capricious. Similarly, petitioners' due process argument must be rejected. They claim that since the notice of deficiency

was issued to the Peck Brothers partnership, they had inadequate notice that the commission's determination could be based on a finding that the partners' joint activities in selling lots from the subdivided parcel constituted an unincorporated business separate and distinct from the partnership and that they, therefore, were unable to adequately present their case at the administrative hearing. Since petitioners' joint unincorporated business activities could be treated as one entity for unincorporated business tax purposes, regardless of whether those activities were carried on under the guise of separate businesses (Tax Law, § 703, subd [a]), the question of whether the Peck Brothers partnership was the entity carrying on the business activities of selling the lots is irrelevant. Rather, the relevant issue is whether those business activities constitute the carrying out of an unincorporated business within the meaning of article 23 of the Tax Law, and an examination of the record herein reveals that petitioners were adequately apprised of the nature of the relevant issues to be considered at the administrative hearing and that they presented all of the material evidence pertaining to those issues. Finally, we reject the challenge of petitioner Albert Peck to the imposition of an unincorporated business tax on his income from the ownership and operation of a school bus. His equal protection argument is based on the exclusion from the corporate franchise tax provided by section 208 (subd 9, par [a], cl [4]) of the Tax Law for corporations that receive income from school districts for the operation of school buses. The franchise tax of article 9-A and the unincorporated business tax of article 23 are two entirely different taxes. The franchise tax exclusion referred to above was part of a plan to "reduce the inevitable pressure for rate increases as well as to prevent the continued decay and disappearance of this [omnibus] service to the detriment of the State and its economy" (NY Legis Ann, 1960, p 590). In view of the wide discretion accorded the Legislature in making classifications in the area of taxation (Shapiro v City of New York, 32 NY2d 96, 103-104, app dsmd 414 US 804), petitioner's contention lacks merit. Determination confirmed, and petitions dismissed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.