█ In the Matter of H. MELTZER & SONS, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax deficiency. Petitioner is a partnership engaged in the business of conducting auctions. An audit of petitioner's books revealed a substantial discrepancy between the income flowing through the partnership's checking account and the gross income reported on the partnership returns for the years in question. The discrepancy resulted from the failure to include as partnership income receipts from the sale and rental of

certain real property owned jointly by the two partners. Rather, the partnership returns showed only the income from the auction business, while the income relating to the jointly held real property was listed on the partner's individual returns. Notices of deficiency were issued to petitioner for additional unincorporated business tax due for the years 1972, 1973 and 1974. Petitioner protested and after a formal hearing the State Tax Commission sustained the notice of deficiencies, concluding that the income from the sale and rental of the real property was partnership income subject to the unincorporated business tax. This proceeding ensued. Subdivision (a) of section 703 of the Tax Law provides that "[i]f an individual or an unincorporated entity carries on two or more unincorporated businesses, all such businesses shall be treated as one unincorporated business for the purposes of this article". Thus, the fact that the real property in question was not directly related to or used in connection with the auction business did not, as petitioner contends, preclude the Tax Commission from considering the income from both sources as partnership income subject to the unincorporated business tax. There is ample support in the record for the Tax Commission's finding that the income from the sale and rental of the real property was partnership income. Since the two partners did not have individual accounts, the partnership checking account served as the conduit for the payment of all expenses relating to the real property and for the purchase of some, if not all of the property. Similarly, all income from the property was funneled into the account for distribution to the partners. In any event, even a finding that the income was not partnership income, but rather was joint income direct to the two partners individually would not preclude the imposition of the additional unincorporated business tax under the circumstances of this case (*Matter of Peck v New York State Tax Comm.,* 81 AD2d 938). Finally, we reject petitioner's claim that since the real property in question was held as a passive investment the income derived therefrom is exempt from the unincorporated business tax pursuant to subdivisions (d) and (e) of section 703 of the Tax Law. Those provisions create an exemption, which is strictly construed against the taxpayer and to which the taxpayer has the burden of establishing entitlement (see *Matter of Chasanoff Operating Co. v State Tax Comm.,* 79 AD2d 780, mot for lv to app den 53 NY2d 601). Here, evidence of the financial assistance provided by petitioner for the purchase and development of some of the land supports the Tax Commission's conclusion that petitioner was actively engaged in the purchase and sale of real property as a business rather than merely holding, leasing or managing property within the meaning of the statutory exemption (see *Matter of Peck v New York State Tax Comm., supra*). The Tax Commission's determination is supported by substantial evidence, and it is not arbitrary or capricious. Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.