In the Matter of ANDREW ROSENBERG et al., Doing Business as A & M ROSENBERG, Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for a refund of unincorporated business income taxes imposed pursuant to article 23 of the Tax Law. ¶ Petitioners, Andrew and Milton Rosenberg, are partners in the business of A & M Rosenberg, engaged in the rental of industrial property. In 1963, the firm became involved in the leasing of portable classrooms to various school districts. Two classrooms were rented in 1964 and an additional 15 were rented the following year. In partnership tax returns for 1964 and 1965, petitioners paid no unincorporated business income tax, and claimed an exemption pursuant to subdivision (e) of section 703 of the Tax Law on the basis that their business involved the ownership of real property. Notices of deficiency were issued to petitioners for additional unincorporated business tax due (for fiscal years ending Aug. 31, 1965 and Aug. 31, 1966).* In December, 1977, petitioners paid the deficiency, plus interest, totaling $12,330.20. After petitioners' claim for a refund was denied, they filed for a redetermination. A formal hearing was held June 2, 1981 following which the State Tax Commission sustained the notice of deficiencies, concluding that the portable classrooms were personalty and, as such, petitioners' business was "an unincorporated business within the meaning and intent of section 703(a) of the Tax Law". This proceeding ensued. ¶ Initially, we find that the Tax Commission's characterization of the portable classrooms as personalty is supported by substantial evidence in the record. Where a taxpayer claims the benefit of a statute providing an exemption from taxation, he bears the burden of establishing entitlement to the exemption (*Matter of Whittemore v Tax Comm.,* 92 AD2d 1081). While subdivision (e) of section 703 of the Tax Law provides that "[a]n owner of real property * * * shall not be deemed engaged in

* The tax will no longer be imposed after December 31, 1982, but remains effective with respect to all taxes accrued up to that date (L 1978, ch 69, § 7).

an unincorporated business solely by reason of holding, leasing or managing real property", the exemption so provided is strictly construed against the taxpayer (see *Matter of Chasanoff Operating Co. v State Tax Comm.,* 79 AD2d 780, mot for lv to app den 53 NY2d 601; *Matter of Arbesfeld, Goldstein v State Tax Comm.,* 62 AD2d 627, mot for lv to app den 46 NY2d 705). The record establishes that the portable classrooms could be removed from their sites and the property restored to its original condition without material damage. Moreover, the lease provided that in the event a school district failed to exercise an option to re-lease or purchase, the classrooms would be removed from their sites. As such, the Tax Commission could readily determine that the classrooms were never intended to be permanently affixed to the realty so as to become an integral component thereof or constitute a capital improvement (see *Matter of Wood Enterprises v State Tax Comm.,* 67 AD2d 1042). Petitioners' reliance on section 102 (subd 12, par [g]) of the Real Property Tax Law, which includes mobile homes and trailers within the definition of "real property", is misplaced. That provision " 'merely classifies mobile homes as real property for real estate tax purposes' " and is not dispositive here (*Matter of Broadway Mobile Homes Sales Corp. v State Tax Comm.,* 67 AD2d 1029, 1030, mot for lv to app den 46 NY2d 713, quoting *Matter of Roberson v State Tax Comm.,* 65 AD2d 898). In any event, petitioners emphasized at the hearing the distinctions between a mobile home and the subject classrooms. In our view, petitioners have failed to establish their entitlement to the exemption provided by subdivision (e) of section 703 of the Tax Law insofar as the portable classrooms are concerned. ¶ Petitioners' remaining argument that the income from the sale of other real property should not have been included and subject to the unincorporated business tax similarly must fail. The record is devoid of any evidence offered to prove petitioners' contention that their other business activities which generated capital gains from sales of real property were exempt from the tax. There is no proof that petitioners segregated their income and expenses from each facet of their businesses to help establish entitlement to exemption under subdivision (e) of section 703 of the Tax Law. Nor was this issue even framed for determination by the Tax Commission. The exemption created by the Tax Law is strictly construed against the taxpayer, upon whom lies the burden of establishing entitlement (see *Matter of Chasanoff Operating Co. v State Tax Comm.,* 79 AD2d 780, *supra*). Petitioners have clearly failed to sustain this burden. Since subdivision (a) of section 703 of the Tax Law clearly states that two or more unincorporated businesses conducted by an individual shall be treated as one unincorporated business for the purpose of the tax, the Tax Commission's determination cannot be said to have been erroneous. The fact that certain of the income was generated from the sale of real property, while a lesser portion flowed from the rental of portable classrooms, an enterprise wholly unrelated to the former, did not preclude the Tax Commission from considering the income from both sources subject to the unincorporated business tax (*Matter of Meltzer & Sons v State Tax Comm.,* 90 AD2d 658, 659, mot for lv to app den 59 NY2d 601; see, also, *Matter of Peck v New York State Tax Comm.,* 81 AD2d 938). The determination is supported by substantial evidence and, being neither arbitrary nor capricious, must be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Weiss and·Harvey, JJ., concur.