■ In the Matter of RAISED COMPUTER FLOORS, INC., Petitioner, v RODERICK G.W. CHU, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner installs, repairs and demolishes special flooring called a "raised floor". Its purpose is to provide an underfloor cavity to accommodate electrical conduits, air delivery ducts and mechanical service lines. The raised floor is formed by first bolting or gluing adjustable steel pedestals to existing floors or subfloors; then, removable panels are placed either directly on the pedestals or on a rigid grid assembly attached to the pedestals. Being of the view that its installation of raised floors constituted a capital improvement to property exempt from sales tax (Tax Law § 1105 [c] [3] [iii]), petitioner paid no sales tax on installations made during the audit period involved, December 1, 1975 to May 31, 1979. The field auditor for the Audit Division of the Department of Taxation and Finance disagreed with petitioner's perception of the nature of the improvement and recommended assessment of a sales tax deficiency. After a formal hearing, respondents upheld imposition of the tax. This proceeding ensued.

The parties agree that the definition of "capital improvement" contained in Tax Law § 1101 (b) (9) is controlling, though it was enacted after the audit period at issue. That section, reflecting prior decisional law *(see, Matter of Building Contrs. Assn. v Tully,* 87 AD2d 909), provides as follows:

"(9) Capital improvement. An addition or alteration to real property which:

"(i) Substantially adds to the value of the real property, or appreciably prolongs the useful life of the real property; and

"(ii) Becomes part of the real property or is permanently affixed to the real property so that removal would cause material damage to the property or article itself; and

"(iii) Is intended to become a permanent installation" (Tax Law § 1101 [b]).
Applying that test, respondents found that the raised flooring installed by petitioner was not a capital improvement because it "neither becomes part of the realty nor is permanently affixed to the real property".

The record substantiates that conclusion. Petitioner's construction supervisor testified that the floors were usually removed when tenants relocated and that this "takes place all the time". This ease of removability is highlighted in brochures used by petitioner to describe its business which point up the versatility and flexibility raised floors give to interior planning, qualities not found in conventional construction. Also significant in this regard is respondents' finding that after being installed, the flooring is not only easily removable, but also readily installable elsewhere for it does not lose its identity as tangible personal property. Furthermore, there is no evidence in this record respecting whether it was intended that the raised flooring was to vest in the building owners or was ordered by or solely to accommodate the tenants and to be taken by them, like other removable fixtures, on the termination of their tenancies. Since the determination that the raised floors do not constitute capital improvements has a sound basis in this record, it must be upheld.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.