■ In the Matter of MERIT OIL OF NEW YORK, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.— Harvey, J.

Petitioner operates gasoline service stations in this State. Some of its stations are located on property owned by petitioner, whereas others are located on property rented pursuant to long-term leases. Once the property is acquired, petitioner makes various improvements on the property which are necessary for the operation of its stations. The improvements

include installation of underground gasoline tanks, fuel piping systems from the tanks to the gasoline pumps, canopies over the fuel pumping area, cashiers' booths for the service station attendant located under the canopy area, concrete parking areas over the underground gasoline tanks and around the pumps, asphalt paving over the entire property except for the described concrete paved areas, storage buildings and pylon signs. Certain expenses for maintenance and repair at the stations are paid by an affiliated corporation, Merit Oil Corporation of Delaware (Merit Oil). Merit Oil maintains a central disbursing account that pays petitioner's and its congenerous corporation's expenses, then allocates charges to petitioner at cost as an intercompany allocation.

The Audit Division of the Department of Taxation and Finance conducted an audit of petitioner for the period from May 31, 1979 to November 30, 1981 and assessed a sales tax deficiency of $266,542.22 plus interest. A major portion of the tax, $263,081, was assessed on the cost of the improvements made at petitioner's 29 leased properties. The auditor determined that the improvements on the leased properties constituted the installation of personal property and were thus subject to sales tax pursuant to Tax law § 1105 (c) (3). The remaining amount of the tax was assessed on the monthly intercompany charges for repair and maintenance.

Petitioner filed a timely application with respondent for redetermination of the tax due. Petitioner contended that the improvements at its leased properties were capital improvements to real property and thus not subject to sales tax (Tax Law § 1105 [c] [3] [iii]). Petitioner further averred that the intercompany payments of maintenance services were no more than a bookkeeping entry.

Respondent determined that, in those locations where the leases provided that the improvements would pass to the landlord at the end of the lease, petitioner's improvements were permanent and thus exempt from sales tax as capital improvements. However, six of the leases contained provisions whereby the improvements remained the property of petitioner and petitioner maintained the right to remove the improvements. Respondent sustained the determination of tax due at these six locations.* Petitioner's sales tax deficiency

---

* Respondent reduced the assessment at one of these six locations from $7,515.45 to $2,202.80, since it determined that only part of the improvements installed by petitioner at this location remained the property of petitioner.

assessment for improvements was thus reduced from the original assessment of $263,081 to $36,452. Respondent further concluded that the intercompany charge for maintenance services constituted a taxable sale of services between petitioner and Merit Oil within the meaning of Tax Law § 1101 (b) (5) and § 1105 (c) (3). Petitioner then commenced this proceeding.

We turn first to the issue of whether substantial evidence supports respondent's determination that the improvements installed by petitioner on leased property were subject to sales tax. Petitioner contends that the improvements are capital improvements and thus excluded from sales tax pursuant to Tax Law § 1105 (c) (3) (iii). In order to come within the exception for "capital improvements" provided by Tax Law § 1105 (c) (3) (iii), petitioner must show that its improvements fall within the definition of that term provided in Tax Law § 1101 (b) (9) *(see, Matter of Raised Computer Floors v Chu,* 116 AD2d 958, *lv denied* 68 NY2d 606; *see also,* 20 NYCRR 527.7 [a] [3]). One of the necessary elements is a showing that the improvements are intended to be permanent (Tax Law § 1101 [b] [9] [iii]). Where petitioner reserves the right to remove the installed property, a finding of permanency is unlikely *(Matter of ADT Co. v New York State Tax Commn.,* 113 AD2d 140, 142). The fact that the improvements may be taxable as real property under the provisions of the Real Property Tax Law does not exempt the property from sales tax *(see, e.g., Matter of Rosenberg v State Tax Commn.,* 101 AD2d 645, 646; *Matter of Broadway Mobil Home Sales Corp. v State Tax Commn.,* 67 AD2d 1029, 1030, *lv denied* 46 NY2d 713).

Petitioner presented evidence at the hearing that the vast majority of its improvements were never removed from the leased premises when its leases expired. Respondent does not dispute this nor the fact that removal of the improvements would be a significant undertaking. Nevertheless, the record contains evidence that petitioner reserved the right, in 6 of its 29 leases, to remove the property it installed. Although petitioner now asserts that it reserved this right merely to increase its bargaining power with its landlords, the clear language of the six pertinent leases provides substantial evidence to support respondent's determination that the improvements were not permanent. Petitioner certainly could have provided in all its leases that the installed property would pass to the landlord. We are constrained to conclude that

petitioner has failed to show that the improvements were capital improvements and thus exempt from sales tax.

Next, petitioner contends that the amount allocated to it by a related corporation for maintenance services is not a sale subject to tax. Tax Law § 1105 (c) (3) and (5) impose sales tax on the receipts from every sale, except for resale, of "[i]nstalling tangible personal property * * * or maintaining, servicing, or repairing tangible personal property * * * not held for sale in the regular course of business, whether or not the services are performed directly or * * * by any other means" and "[m]aintaining, servicing or repairing real property". Applying this statutory language to the facts at hand, it appears that petitioner purchased taxable maintenance services from Merit Oil. It is true that the record does not reveal the nature of the repair and maintenance services performed at petitioner's gasoline stations and car washes or whether the services were performed on personal or real property. However, whatever these services consisted of, there is no indication in the record or in the statute that petitioner, because of its affiliation to Merit Oil, was not subject to the imposition of sales tax (see, Tax Law § 1105 [c] [5]; *Matter of 107 Delaware Assoc. v New York State Tax Commn.,* 99 AD2d 29, *revd on dissenting opn below* 64 NY2d 935). If there was some basis to except petitioner from the imposition of tax, petitioner failed to adduce sufficient testimony at the hearing to overcome the tax assessment (see, *Matter of Finserv Computer Corp. v Tully,* 94 AD2d 197, 200, *affd* 61 NY2d 947). Hence, the assessment must be upheld.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.

