■ In the Matter of MANHATTAN CABLE TELEVISION, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

The ultimate inquiry herein is whether petitioner is liable for sales and use taxes on its purchases of machinery and equipment used in connection with the furnishing of cable television services and on its payments to subcontractors who installed cable and equipment within the streets of New York City, for the period January 1, 1974 to February 28, 1979. Respondent answered the question in the affirmative. We agree.

Our determination turns on resolution of two issues: (1) whether cable television service constitutes telephony, telegraphy or telephone or telegraph services within the purview of Tax Law articles 28 and 29, and (2) whether the determination of respondent that the cable and equipment installed within the streets of New York City constitute personal property is supported by substantial evidence.

Tax Law § 1105 (b) provides for the imposition of sales tax upon the receipts from every sale, other than sales for resale, of telephone and telegraph service. Tax Law § 1115 (a) (12) exempts from sales and use taxation receipts from the sale of machinery or equipment utilized in the sending or receiving of telephone or telegraph signals or services. From the enactment of Tax Law article 28 in 1965 to early 1976, it was the position of the Commissioner of Taxation and Finance that cable television service was not telephony, telegraphy or telephone or telegraph service within the purview of Tax Law § 1105 and that the service, accordingly, was not subject to sales taxation. However, this position was reversed by an opinion of counsel rendered April 6, 1976, effective June 1, 1976. Thereafter, respondent codified tax regulations 20 NYCRR 257.2 (d) (2), which provided for the sales taxation of cable television service as telephony or telegraphy pursuant to

Tax Law § 1105 (b), and 20 NYCRR 528.13 (f) (2), which provided for a sales tax exemption on the purchase of cable television equipment pursuant to Tax Law § 1115 (a) (12).

The validity of the April 6, 1976 opinion of counsel and 20 NYCRR 527.2 (d) (2) were successfully challenged in *New York State Cable Tel. Assn. v Tax Commn.* (88 Misc 2d 601). On appeal, this court affirmed, holding that "it cannot be said that cable television companies are engaged in the sale of telephone or telegraph services" *(New York State Cable Tel. Assn. v State Tax Commn.,* 59 AD2d 81, 84). On September 15, 1980, the Department of Taxation and Finance brought its regulations into conformity with this court's determination by amending 20 NYCRR 527.2 (d) (2) and 528.13 (f) (2) and codifying 20 NYCRR 527.2 (d) (3) and 528.13 (f) (5).

It is petitioner's contention that the Department, by the September 15, 1980 amendment to 20 NYCRR 528.13 (f), eliminated the sales tax exemption on purchases of cable television machinery and equipment retroactively and, therefore, impermissibly. We disagree. As quite properly argued by the Department, the Commissioner's regulations never did create an exemption, as an administrative agency cannot authorize a tax exemption; only the Legislature by statute can do that *(see, Matter of Koner v Procaccino,* 39 NY2d 258, 264). The determination of this court in *New York State Cable Tel. Assn. v State Tax Commn.* (59 AD2d 81, *supra),* that cable television is not telephony, telegraphy or telephone or telegraph service, is dispositive of the issue of the application of the exemption contained in Tax Law § 1115 (a) (12) to cable television equipment. Since cable television equipment is not telephone or telegraph equipment, the exemption does not and never did apply, notwithstanding the Commissioner's incorrect determination and regulation to the contrary. Petitioner's alleged reliance upon the incorrect regulations is also irrelevant since estoppel does not apply to the State acting in its governmental capacity *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94; *Matter of Wolfstich v New York State Tax Commn.,* 106 AD2d 745, 748), particularly in matters involving the collection of taxes *(see, Matter of McMahan v State Tax Commn.,* 45 AD2d 624, 627, *lv denied* 36 NY2d 646). Moreover, petitioner's acknowledgement that it would be bound by this court's determination in *New York State Cable Tel. Assn. v State Tax Commn. (supra)* negates any legitimate claim of detrimental reliance.

Next, we reject petitioner's contention that the cable buried under the streets of New York City constitutes a capital

improvement as defined in Tax Law § 1101 (b) (9) and is thus excluded from sales tax pursuant to Tax Law § 1105 (c) (5). Here, the contract between petitioner and the city provided that at the expiration of a 20-year franchise, petitioner was required to either let the city buy the system or to remove the system from the ground to the satisfaction of the Commissioner of Highways. In *Matter of Merit Oil v New York State Tax Commn.* (124 AD2d 326), we found that "[w]here petitioner reserves the right to remove the installed property, a finding of permanency is unlikely" *(supra,* at 328). In fact, the instant case offers even stronger evidence of intention that the improvement be other than permanent, since petitioner has actually obligated itself to remove the improvement upon demand, a factor not present in *Merit Oil.* Substantial evidence supports respondent's determination that the improvements installed by petitioner were subject to sales tax.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.