■ In the Matter of GLENVILLE CABLESYSTEMS CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The primary issue in this proceeding is whether substantial evidence supports respondent's determination that the "headend" and "distribution system" of petitioner's cable television system are comprised of tangible personal property and were thus subject to tax under Tax Law § 1105 (a) when purchased. Petitioner's parent company purchased an operating cable television system for $1,800,000 and transferred substantially all the assets from the sale to petitioner on July 2, 1980. Headend assets sold as part of the transaction included antennas, supporting structures and signal-processing equipment, which had sale values of $26,000, $23,000 and $32,000, respectively. The distribution system included distribution plants, which were located on utility poles, and subscriber connections. These sold for $809,000 and $94,250, respectively.

An audit of the bulk sale was conducted by the Audit Division of the Department of Taxation and Finance. The Audit Division concluded that the items of property which constituted the headend and distribution system were personal property which were not exempt from taxation as a purchase of real property or capital improvements to real property. Petitioner was assessed with a tax of $39,298 for the purchase of this property. Following a hearing and administrative review, respondent ultimately upheld the assessment. This proceeding, transferred to this court pursuant to CPLR 7804 (g), ensued.

Tax Law § 1105 (a) imposes a tax upon every retail sale of tangible personal property unless otherwise provided by Tax Law article 28. Sales of real property, including capital improvements to real property, are excluded from sales tax *(see,* 20 NYCRR 526.8 [c] [1]). In order for an improvement to constitute a capital improvement for the purposes of the Tax

Law, it must be an addition or alteration to real property which:

"(i) Substantially adds to the value of the real property, or appreciably prolongs the useful life of the real property; and

"(ii) Becomes part of the real property or is permanently affixed to the real property so that removal would cause material damage to the property or article itself; and

"(iii) Is intended to become a permanent installation" (Tax Law § 1101 [b] [9]).

We have recently held that "[w]here [a] petitioner reserves the right to remove the installed property, a finding of permanency is unlikely" *(Matter of Merit Oil v New York State Tax Commn.,* 124 AD2d 326, 328). Here, the headend assets are located on land leased for a period of five years, with an additional five-year renewal period. The lease provides that petitioner has the right to remove the equipment on the site for a period of 60 days following termination of the lease. Similarly, the distribution plants of the distribution system, which are attached to utility poles under franchise agreements must be removed at the end of the agreements. Since petitioner has either reserved the right to remove or agreed that it must remove these assets, respondent's determination that they do not constitute capital improvements is rational and supported by substantial evidence *(see, Matter of Manhattan Cable Tel. v New York State Tax Commn.,* 137 AD2d 925, 926-927, *appeal dismissed* 72 NY2d 839; *Matter of Merit Oil v New York State Tax Commn., supra,* at 328; *Matter of ADT Co. v New York State Tax Commn.,* 113 AD2d 140, 142, *appeal dismissed* 67 NY2d 917). The fact that petitioner is a cable television system does not, as contended by petitioner, mandate a different result *(see, Matter of Manhattan Cable Tel. v New York State Tax Commn., supra).*

With respect to the subscriber connections, respondent found that these did not add substantial value to the subscriber's property or prolong the useful life of the real property. A subscriber connection is merely a small wire which runs from a tap in the system into a subscriber's house and is directed and fastened with various small pieces of hardware. Respondent's determination that these did not constitute capital improvements was entirely rational.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.