■ In the Matter of EMERY AIR FREIGHT CORPORATION, Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.—Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In this proceeding, petitioner seeks review of a determination of respondent Tax Appeals Tribunal (hereinafter respondent) which found a certain air cargo material handling system and a package sorting system which petitioner had installed in its leased premises to be tangible personal property, as opposed to capital improvements, and thus subject to applicable sales and use taxes.

In order to qualify for the Tax Law § 1105 (c) (3) (iii) capital improvement exemption from the sales tax, it must be established that the subject property:

"(i) Substantially adds to the value of the real property, or appreciably prolongs the useful life of the real property; and

"(ii) Becomes part of the real property or is permanently affixed to the real property so that removal would cause material damage to the property or article itself; and

"(iii) Is intended to become a permanent installation" (Tax Law § 1101 [b] [former (9)]).

While respondent found that the property at issue here satisfied the first two requirements, it concluded that the property failed to satisfy the third. In arriving at this conclusion, respondent relied upon the provisions contained in petitioner's underlying building lease with Parisi & Son Construction Company (hereinafter Parisi), notably article 2 thereof, which defined the demised premises to include only the land and all improvements (i.e., a building) erected thereon *by Parisi,* section 26.01, which authorized petitioner to have the subject systems installed in the leased building, and section 18.01, which required petitioner to remove all equipment and fixtures installed *by it* at the conclusion of the lease term even though the items are affixed to the building. Based upon a reading of these lease terms which it categorized as unambiguous, respondent concluded that the subject systems were not intended to become permanent additions to the building.

In our view, respondent's determination is supported by substantial evidence. It is clear that in situations where the petitioner reserves the right to remove installed property from leased premises, a finding of permanency is unlikely *(see, e.g., Matter of Glenville Cablesystems Corp. v State Tax Commn.,* 142 AD2d 851, 852). Here, the lease unambiguously demonstrates that not only did petitioner reserve the right to remove the subject systems at the conclusion of the lease term, it was *required* to do so pursuant to section 18.01 thereof. Nor are we persuaded by petitioner's argument that respondent incorrectly interpreted the lease terms or that they are ambiguous. Although Parisi was to construct a building on the demised property pursuant to certain plans and specifications which contained reference to the two systems at issue, section 2.01 (a) of the lease indicates only that the building was to be constructed in such a manner that the systems would fit in it, not that the systems were to become permanent parts of the structure. Lease sections 5.02 and 26.01, which permitted petitioner to install the subject systems and other equipment in the building, lend credence to this interpretation as does article 18, which requires petitioner to remove all equipment it had installed, including any equipment affixed to the build-

ing. Moreover, notwithstanding petitioner's contentions to the contrary, references in the lease to the demised premises as both vacant land and land with a building do not create an ambiguity because at the time the lease was executed the demised premises was vacant land but the parties expressly contemplated that Parisi would construct a building thereon. In view of the fact that the lease terms are unambiguous as to petitioner's intent, respondent correctly excluded petitioner's oral testimony *(see, Braten v Bankers Trust Co.,* 60 NY2d 155, 162).

Finally, inasmuch as the tax assessed in the original notice of determination and demand was based upon three categories of items and the parties have independently resolved one of the categories with the result that petitioner withdrew that portion of the petition seeking relief as to that category, respondent's determination should be modified to reflect a total tax liability of $118,362.80 plus interest, the amount which the parties agree remains due and owing.

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and the petition dismissed. [As amended by unpublished order entered Apr. 5, 1993.]