■ In the Matter of CAPITAL DISTRICT BETTER TV, INC., et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [606 NYS2d 930] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

Petitioners are four affiliated cable television companies engaged in the business of providing entertainment programs and information services to subscribers within their franchise

areas in upstate New York. In order to deliver signals to their subscribers, petitioners constructed trunk distribution systems of coaxial cables, amplifiers and filters under public streets and through public easements. The municipalities in which petitioners operated granted them special franchises to install their distribution systems and petitioners employed subcontractors to effectuate the installations.

Petitioners were served with notices of determination by the Department of Taxation and Finance imposing sales and use taxes upon, *inter alia,* petitioners' payments to subcontractors for installing these distribution systems. Petitioners protested the Department's assessments and a consolidated evidentiary hearing regarding the same was conducted by an Administrative Law Judge (hereinafter ALJ). The ALJ sustained that portion of the assessments imposing sales taxes on the payments made to the subcontractors. That determination was upheld on administrative appeal to respondent Tax Appeals Tribunal. Thereafter, petitioners commenced this CPLR article 78 proceeding.

The ultimate inquiry presented by petitioners is whether there is substantial evidence in the record to support the determination of the Tribunal that the trunk distribution systems installed by petitioners' subcontractors did not constitute capital improvements within the meaning of Tax Law § 1101 (b) (9), entitling the payments made by petitioners to the subcontractors to be exempt from sales tax under Tax Law § 1105 (c) (3).[1] A "capital improvement" is defined by Tax Law § 1101 (b) (9) (i) as:

"An addition or alteration to real property which:

"(A) Substantially adds to the value of the real property, or appreciably prolongs the useful life of the real property; and

"(B) Becomes part of the real property or is permanently affixed to the real property so that removal would cause material damage to the property or article itself; and

"(C) *Is intended to become a permanent installation"* (emphasis supplied).

The parties agree that the special franchises granted to petitioners are real property and that the first two elements of the capital improvement definition have been established.

---

1. Tax Law § 1105 (c) (3) imposes a tax upon the receipts of every sale, except for resale, for the services of installing tangible personal property, except, *inter alia,* for "installing property which, when installed, will constitute an addition or capital improvement to real property" (Tax Law § 1105 [c] [3] [iii]).

Thus, resolution of this proceeding turns on a single issue: whether petitioners have established that the installations of their trunk distribution systems were intended to be permanent. The ALJ and the Tribunal found that petitioners did not establish permanency.

We modify the Tribunal's determination by annulling it as to three of the petitioners because our review indicates that, as to them, it was not based upon evidence in the record (see, Matter of Simpson v Wolansky, 38 NY2d 391; Matter of Margolin v Newman, 130 AD2d 312, appeal dismissed 71 NY2d 844), but rather upon the failure of these petitioners to introduce their franchise agreements into evidence to support their claim that they intended the installation of their systems to be permanent. Only one of the petitioners, Capital District Better TV, Inc. (hereinafter CDBTV), introduced a franchise agreement containing a removal provision. The removal provision contained in the CDBTV agreement could, on the instant record, be considered as evidence negating the intent of permanency (see, Matter of Manhattan Cable Tel. v New York State Tax Commn., 137 AD2d 925, appeal dismissed 72 NY2d 839, lv denied 72 NY2d 808) on the part of CDBTV. However, such a provision could not serve as a basis for extrapolating the existence of similar removal clauses in those franchise agreements of the other petitioners that were not received into evidence, based upon the testimony of petitioners' witnesses to the effect that several of the franchise agreements contained removal provisions. Such testimony is too general to permit the conclusion that each petitioner's agreement contained such a provision, especially in light of the fact that the only other franchise agreement introduced into evidence, that between petitioner American Television & Communications Corporation and the Town of Ithaca, did not contain a removal provision.[2]

Pursuant to section 11 of CDBTV's agreement with the Town of Colonie in Albany County, the Town reserved the right to acquire CDBTV's cable distribution system upon termination of the special franchise or to require CDBTV to remove its trunk distribution system. This provision consti-

---

2. If the Department wanted to rely upon the existence of removal provisions contained in petitioners' franchise agreements to defeat the claim of permanency, it could have exercised its subpoena power (Tax Law § 2006 [10]) and introduced them into evidence as part of its case. It did not do so in the first hearing and declined to do so in the reopened hearing even though the Tribunal specifically directed the ALJ on remand to reopen the hearing to permit these agreements to be received.

tutes objective evidence of the parties' intent at the time the system was installed, notwithstanding CDBTV's testimony that it intended its system to remain permanently with the special franchise. Therefore, the Tribunal's determination that the trunk distribution system does not constitute a capital improvement is rational and supported by substantial evidence *(see, Matter of Glenville Cablesystems Corp. v State Tax Commn.,* 142 AD2d 851; *Matter of Manhattan Cable Tel. v New York State Tax Commn., supra; Matter of Merit Oil v New York State Tax Commn.,* 124 AD2d 326).

Mikoll, Crew III, White and Weiss, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as sustained the assessments with respect to petitioners American Television & Communications Corporation, Greater Rochester Cablevision, Inc. and Capital Cablevision Systems, Inc.; petition granted with regard to said petitioners; and, as so modified, confirmed.

